Daniel, Judge,
 

 after stating the will and the pleadings, proceeded: This is not a case where parol testimony can bo received .to repel or support presumptions. The plaintiff is entitled to a decree in his favor if the defendants do not take as legatees; to ascertain that fact, \\ e can only look to the written instrument. The whole will may be examined to find out the intention of the testator, but no parol proof is admissible, to aid us in
 
 *256
 
 finding out that intention. It is contended for the plain* tiff, that the clauses in the will before quoted, only
 
 create
 
 a
 
 trust
 
 in the executors, without defining the objects, an(j tj)at ^ results to the plaintiff as next of kin.
 

 There is a distinction between an express trust for an indefinite purpose, and those cases where from the indefinite nature of the purpose, the court concludes, that a proper trust could not have been intended ; though words may have been used, which, had the objects been definite, would by construction import a trust. In the first description of cases, the devisee does not take beneficially, in the latter, he does. The case of
 
 Morris
 
 v.
 
 the Bishop of
 
 Durham, (9
 
 Ves.
 
 399. 10
 
 Ves.
 
 522, 537,) is an instance of the first kind. That was an express trust, for an indefinite purpose, and it was declared to be a trust for the next of kin. The case was this: the testatrix by her will, bequeathed all her personal estate to the
 
 Bishop of Durham,
 
 his executors, &c. upon trust, to pay her debts and legacies, Sec, and to dispose of the ultimate residue to such objects of benevolence and liberality, as the
 
 Bishop of
 
 Durham, in his own discretion shall most approve of; and she appointed the Bishop her executor. The chancellor said, (10
 
 Ves.
 
 535,) “ if the testator meant to create a trust, and not to make an absolute gift, but the trust is ineffectually created, is not expressed at all, or fails, the next of kin take. On the other hand, if the party is to take himself, it must be upon this ground, according to the authorities; that the testator did not mean to create a trust, but intended a gift to that person for his own use and benefit, for if he was intended to have it entirely in his own power and discretion, whether to make the application or not, it is absolutely given.” He said the next consideration was, whether there was a trust effectually declared, and as there was an intention to create a trust, but the object being too indefinite, it had failed.
 
 “
 
 The consequence of law is,
 
 (page
 
 543, i that the Bishop takes the property upon trust to dispose of it, as the law will dispose of it, not for his own beuefit or any purpose the court can effectuate,” and he affirmed a decree at-the Rolls in favor of the next of kip.
 

 
 *257
 
 In the case of
 
 Paice
 
 v.
 
 the Archbishop of Canterbury,
 
 (14
 
 Ves.
 
 364,) the chancellor says,
 
 (page
 
 369,) “ no case has gone the length of holding executors to be trustees for the next of kin, under a bequest for such purposes as they shall in their discretion think fit. If, as in the case of
 
 the Bishop of Cloyne
 
 v.
 
 Young.
 
 (2
 
 Ves.
 
 91,) the testator declares that he gives it in trust, and then does- not declare the trust, or as in
 
 Morris
 
 v.
 
 Bishop of Durham,
 
 the trust declared fails, the executors being clearly intended not to have the benefit, must be trustees for the next of kin ; but there are many authorities, that a bequest to A. for such purposes as he shall think fit, is a gift to himself. That must always depend on the particular terms of the will.” In the case of
 
 Gibbs
 
 v. Rumsey, (2
 
 Ves. & Bea.
 
 294,) the testatrix gave the residue of her property to her executors,
 
 Henry
 
 and
 
 James Rumsey, “
 
 to be disposed of to such person and persons, and in such manner and form, and in such sum and sums of money, as they in their discretion, shall think proper and expedient.” The master of the Nolls said,
 
 (page 297.)
 
 “do these subsequent words Import a trust? The testatrix has very frequently in the course of her will, used the words, “in trust,” but those words are not introduced here. I see nothing here, but a purely arbitrary power of disposition according to a discretion which no court can direct or control. It is said,
 
 (page
 
 295,) the testatrix meant the executors to give this property to some body, and not to enjoy it themselves; but t!iat might be said in every case of a bequest to give to objects not distinctly specified, and in every case of a general power of appointment.” He further said, (
 
 page
 
 299,) “ the next of kin had no right to call upon the executors to account for the residue.” From the before mentioned authorities, we arc of opinion, that the exe-, cuto vs in this case do not hold the property in trust, but take beneficially for themselves. The bill must therefore he dismissed.
 

 Ruffin Judge.
 

 The evidence offered by the plaintiff does not establish any thing in his favor for it on
 
 *258
 
 ly shows that the testator knew he had relations in Irc-land, and expressed sometimes an affection for
 
 them ;
 
 there is no declaration of an intention to provide for them.
 

 But Wcre it ever so explicit to that effect, it would be of no avail in this court. It is inadmissible under outlaw. Since the statute, there is no equity nor resulting trust to be
 
 rebutted;
 
 upon which grounds alone such evidence has been heard in the English chancery.— Here the executor, as such, can take nothing. He gets only what is given to him by the
 
 will;
 
 which must be construed as to his legacy, like it is as to all others, namely, on the words themselves. It is with us a question of construction of the instrument.
 

 Upon the will itself, I think no trust can he raised. The cases cited at the bar establish that a devise to one to dispose of at his will and pleasure, carries the beneficial and the absolute interest. The cases of
 
 Powell
 
 v.
 
 Powell’s Executors,
 
 (2
 
 Murph.
 
 326.) and
 
 Gibbs
 
 v.
 
 Rumsey,
 
 (2
 
 Ves.
 
 &
 
 Bea.
 
 294.) are strong authorities. The words are too indeterminate to raise a trust, without turning every unlimited power of appointment into a trust, and a void trust, because indefinite. /The discretion given to the legatee excludes that of all others, courts as well as individuals, and constitutes that
 
 arbi-trium
 
 in the disposition, which amounts to ownership. I concur that the bill be dismissed.
 

 Per Curiam. — Bixu dismissed.