SARAH V. YOUNG, in her own right, and as Adm'r *cum test. annexo*, of ROB-
ERT S. YOUNG, *v.* ALFRED YOUNG and others.

A, in his will, gave to his wife " all my estate, real, personal and mixed, to be
managed by her, (and that she may be enabled the better to control and
manage our children,) to be disposed of by her to them, in that manner she
may think best for their good and her own happiness:" *Held*, to be a gift to
the wife in trust, not for herself nor for the children alone, but for both, to
be managed at her discretion for the benefit of herself and children.

*Held further*, that the trust is coupled with the power to dispose of the
property among the children at her own discretion as to time, quantity
and person ; and that no one of them is entitled, as of right, to have a share
of the property allotted to him upon his arrival at age.

This Court will not adjudicate a hypothecal case, which may or may not arise,
for the mere purpose of advising as to circumstances altogether contingent
and uncertain.

(*Little* v. *Bennett*, 5 Jones Eq. 156; *Aston* v. *Lee*, 6 Jones Eq. 27; and *Cook* v *Elling-
ton*, Ibid, 371, referred to and approved.)

CIVIL ACTION, brought to obtain the construction of a will,
heard before *Logan, J.,* at the Fall Term, 1872, of CABARRUS
Superior Court.

In 1864, Robert L. Young, the testator, was killed in one
of the engagements of the late war, having first made and

published the following as his last will and testament, to wit:

" I, Robert S. Young, of the county of Cabarrus, and State of North Carolina, do make this my last will and testament, revoking all wills or parts of wills heretofore made by me.

" To my beloved wife I give all my estate, real, personal and mixed, to be managed by her, (and that she may be enabled the better to control and manage our children) to be disposed of by her to them in that manner she may think best for their good and her own happiness.

Witness my hand," &c.,

Which will was duly admitted to probate, and the plaintiff, his widow, appointed administratrix with the will annexed.

As alleged in the complaint, the testator died seized of a large estate, real and personal, the latter, or most of it, being lost by the results of the war, leaving the defendants, his children, all under age at his death. That she has kept the children together, educating and maintaining them, and managed the estate to the best advantage.

The two eldest of the children had attained their majority before this action was instituted.

The plaintiff contends, that under a proper construction of the will of her husband, his estate is vested in her absolutely.

If not, and she is declared to be a trustee for the children, she prays directions as to the proper execution of that trust.

The defendants, admitting the allegations of the answer, contend that it was the true intent and meaning of the testator, as expressed in his will, was to vest in the plaintiff the estate in trust for their benefit, with a limited power of disposal. Otherwise if the plaintiff is not a trustee, she

can have only a life estate, as there are no words of inheritance.

His Honor, after argument in the Court below, adjudged:

1. Under the will the plaintiff has a general power in trust, which is to be construed equitably and liberally, that the *substantial intention* of the testator may be carried out, the plaintiff having both the power and intent.

2. Taking in consideration the value of the estate and the condition of the family of the testator in life, each child is to be raised and educated to his or her majority.

3. As each child arrives to his or her majority, such a portion of the estate is "to be disposed of by (her)," the plaintiff, to them, as a prudent parent would bestow upon a child starting in life.

4. The plaintiff is to "manage" all the property of the testator's estate received by her under his will in a prudent and economical manner, to effectuate and carry out the substantial instructions of said will as above stated, reserving and retaining at all times a sufficiency for her own comfort and "happiness."

5. The plaintiff has no right to convey any of the property as her own, but at her death the heirs of the testator will be entitled thereto.

From this judgment both plaintiff and defendants appealed.

*Wilson,* for the plaintiff.
*Battle & Son* and *Allison,* for defendants.

READE, J.   The will which we have to construe is as follows:

"To my beloved wife I give all my estate, personal and mixed, to be managed by her (and that she may be enabled the better to control and manage our children,) to be dis-

posed of by her to them, in that manner she may think best for their good and her own happiness."

Two of the defendants, have arrived at age, and the widow files her complaint, in which she says, that she has kept the property together and raised and educated the children; but now a controversy has arisen between her and the two defendants who have arrived at age; she claiming that the property "vested in her absolutely;" and they claiming that it "vested in her in trust for the benefit of the children." And thereupon the plaintiff, who is the widow of the testator, and administratrix with the will annexed, demands judgment of the Court.

"1. Whether, according to the proper construction of said will, it was the purpose and intent of the testator to vest the estate absolutely in the plaintiff? or,

2. To vest the same in her in trust for the benefit of the children?"

The defendants in their answer, state their claim somewhat differently from what the plaintiff does. They say, that the estate vests in the plaintiff, "in trust for the benefit of the defendants, with a limited power of disposal." And they further insist, that if the widow is not such a trustee then the most that she has is a life estate.

The construction which his Honor below put upon it is, that the widow has "both a power and an interest." And that "each child is to be reared and educated to his or her majority," and then to have a portion of the estate allotted; that the widow has "no right to convey any of the property as her own; but at her death it goes to the children."

1. We do not agree with the plaintiff that the property is her's absolutely. There is nothing in the will to indicate that his children were not objects of the testator's bounty. There is nothing like disinheriting them. On the contrary the gift is expressed to be in part "for their good," and it would be both unnatural and unusual for a father to disin-

herit all his childen, all of whom were young and depend-ent, and some of whom were too young ever to have offended him.

2. We do not agee with the defendants that the widow is simply a trustee for them, with a power of disposal to them, without any interest in her own right. There is nothing in the will to indicate that the testator intended to leave his wife without the means of support, or to make her dependent upon the children. On the contrary, to show that she was an object of his bounty, the property is given to her, to be managed by her in part for " her own happiness," and to show that he did not intend to make her dependent upon the children, the property is given to her, to be managed by her as she may think best " to enable her the better to con-trol and manage the children."

3. We do not agree with his Honor's construction that each child, as he or she becomes of age, is entitled to have a portion allotted.

4. It is evident that his wife and children were alike the objects of the testator's bounty. It is also evident that he did not intend any immediate division of his property ; but that he desired it to be kept together in the family, just as he would keep it if he could live, and under the manage-ment of his wife, whom he intended to put in his stead, with all the power and discretion over it, and over the children, which he would have, if living. The only difference being, that, while he could dispose of the property, if he chose to do so, outside of the family, and to the entire exclusion of the children, he intended that his wife should use and man-age it inside of the family, using her own judgment and dis-cretion as to the time when she would give off any portion to any one of the children, and as to *how much* she would give, and what she would give, discriminating according to her own judgment, so as to advance "her own happiness," and the " good of the children." And by the good of the

children, he did not mean their pecuniary advancement only or mainly; but their moral, mental and religious training, and their filial duty and subjection. And herein is answered the argument of the counsel for the defendants, that as the management of the property was given to the widow to enable her to control and manage the children, it must be that the intention was to limit the time of such management of the property to the period when she was entitled to control the children, viz.: during their minority. It is true, the mother's control over, and duties to the child, do in one sense partly cease at the child's majority; but it is equally true, that just then the child's filial duties to the mother begin afresh, and ever after grow and grow, as he goes forward to manhood and she goes backward to childhood. And it seems that this affectionate husband, and equally affectionate father, did not intend that at any time during the lifetime of his wife any one of his children should have the right to say, "give me the portion that falleth to me," but he intended, that, whether a child should get little or much, or sooner or later, must depend upon his good behavior and the confidence which he should inspire in his mother.

5. Our conclusion is, that the gift is to the wife *in trust*, not for herself, and not for the children, but for both, to be managed at her discretion for the benefit of herself and children. That the trust is coupled with the *power* to dispose of the property among the children, discriminating at her own discretion as to time, quantity and person. The *trust* is, that it shall be managed and disposed of for the family. The *power* is, that she may discriminate as aforesaid. It is a vested interest in the children, subject to be divested by the exercise of the power as aforesaid. And, upon failure to exercise the power, or upon its partial exercise only, in the disposition of the property, so much as re-

mains undisposed of at the death of the mother will go to the children as tenants in common.

6. We are asked by the plaintiff " to declare how she shall execute the trust, if it be a trust." We cannot do that further than we have already done. We cannot suppose cases, which may or may not arise, and pass judgment. We can only say, that the defendants who have arrived at age have no right, on that account, to have a share of the property allotted to either of them.

There is much learning in the books in regard to the creation of trusts and powers, in wills and other instruments; and numberless cases have arisen requiring construction. And for the sake of uniformity, and in order that too much might not be left to individual opinion, arbitrary or technical meanings have been given to words and phrases, sometimes so as to defeat the intention of the testator; but in the case before us, we have followed the plain and natural meaning of the language, which we believe to be in exact accordance with the testator's intentions. The case was very well argued on both sides. And although we have not displayed in this opinion the learning and cases cited, yet we have carefully examined and considered them, and we think that the principles which we have laid down are the legitimate conclusions from them. The principal cases in our own Court to which we would refer, are *Little* v. *Bennett*, 5 Jones Eq. 156; *Alston* v. *Lea*, 6 Jones Eq. 27, and *Cook* v. *Ellington*, ibid 371. And of the elementary writers, 1 Redfield on Wills ch. 11, Jarman on Wills, and Hill on Trustees.

The judgment below will be modified in conformity with this opinion, and the cost will be paid out of the assets of the testator's estate.

PER CURIAM.                    Judgment accordingly.