C. J. CRUDUP, et al. v. J. N. HOLDING, et al.

*Will, Construction of—Devise to Wife—Trust.*

A testator devised as follows: "I give to my beloved wife  *  *  * all my property of every description, to keep and hold together for her use and the use of my children, after my just debts are paid;" *Held*, that the widow holds the estate during her life as trustee for her own use and the use of the children, and has no power to sell or convey any estate.

CIVIL ACTION, heard at April Term, 1895, of FRANKLIN Superior Court, before *Coble, J.*, on exceptions to the report T. W. Bickett, referee. The purpose of the action was to obtain a construction of the will of Dr. E. A. Crudup, and to set aside a deed that had been executed by C. J. Crudup, the widow, and some of the children of the testator, in the attempt to convey a fee simple, &c. The report of the referee was as follows:

" *Findings of Fact:*

" 1. That on the 1st day of April, 1876, Dr. E. A. Crudup died in the county of Franklin, having first made and published the following last will and testament, to-wit:

" I, Edward A. Crudup, of the State of North Carolina, Franklin county, being of sound mind and disposing memory, make this my last will and testament. Item is, I give to my beloved wife, Columbia Crudup, all my property of every description, to keep and hold together for her use and the use of my children, after my just debts are paid. This March 31st, 1876.

                                        EDW'D A. CRUDUP.

Signed and sealed in the presence of witnesses.

                                        J. C. FOWLER.
                                        G. M. COOLEY."

" 2. The plaintiff, C. J. Crudup, is the widow of said Edward A. Crudup, and also a devisee under said will, and the other plaintiffs are the children of said testator, his devisees and heirs-at-law.

" 3. That the plaintiff, C. J. Crudup, is the duly qualified administratrix *cum testamento annexo* of said E. A. Crudup.

" 4. That at the time of his death, Edward A. Crudup was seized of the several tracts of land described in the complaint, to-wit:

" (1) The Crudup Mill Tract, containing 12 acres, more or less.

" (2) The Crudup Home Place, containing 916 acres, more or less.

" (3) The tract of land in Dunn's township, known as the Pearce Tract, and containing 100 acres more or less.

" 5. That on the 24th day of March, 1885, C. J. Crudup and E. A. Crudup executed a deed of trust to J. N. Holding; Trustee, purporting to convey the " Mill Tract," above mentioned, to secure a certain indebtedness therein named.

" 6. That on the 20th day of October, 1885, C. J. Crudup, E. A. Crudup and S. J. Crudup executed a deed of trust to C. M. Cooke and J. N. Holding, to secure a certain indebtedness therein expressed, and purporting to convey all the right, title and interest of the grantors, the same being expressed as a three-ninths undivided interest in and to the three above described tracts of land, the Mill Tract, the Home Tract and the Pearce Tract, and their right, title and interest in and to any and all lands left them by the will of Edward a Crudup, deceased.

" 7. That on_____day of_____, 1889, the Trustees, J. N. Holding and C. M. Cooke, after due advertisement, exposed the property, conveyed in the hereinbefore mentioned deeds of trust, to public sale in the town of Louisburg, and W. H. Pace became, then and there, the last and highest bidder in the sum of three hundred dollars, and the Trustees executed to him a deed in fee simple to said property. The plaintiff, E. A. Crudup, was present at said sale, and forbade the same.

" 8. That this sale was ratified by a deed executed on— which in terms confirms the sale made by J. N. Holding, Trustee, and J. N. Holding and C. M. Cooke, Trustees,

and conveys to W. H. Pace all the right, title and interest of the grantors therein, and to the lands described in the before-mentioned deeds of trust, the said deed of ratification being signed by C. J. Crudup, E. A. Crudup and S. J. Crudup.

"9. That on the 1st day of March, 1889, W. H. Pace and wife executed a deed in fee-simple to S. L. Crudup, purporting to convey property purchased by said Pace at the Trustees' sale, above mentioned.

"10. That the said Susan L. Crudup executed to said W. H. Pace a note for $4,100, and to secure payment of same executed to J. N. Holding, Trustee, a certain deed of trust, which, on its face, purports to convey both the three-ninths undivided interest, conveyed by Pace and wife to her, the said Susan L. Crudup, and also the one-ninth individual interest of the said Susan L. Crudup in the lands devised by her father, Edward A. Crudup, deceased, and more particularly described in Finding No. 4 hereof, making in all a four-ninths undivided interest in and to said land.

"11. That there was no mutual mistake of the parties as to the amount of property conveyed in said deed, and no fraud practiced upon Susan L. Crudup, by defendant or his *cestui que trust*, or by any one in their behalf.

"12. That the $4,100 thus secured represented the amount due W. H. Pace, as *cestui que trust* in the deeds of trust to J. N. Holding and C. M. Cooke, Trustees, and that it was to secure this old debt that the above note and deed of trust were given.

"13. That the amount now due on the note, executed by Susan L. Crudup to W. H. Pace, is $2,394.10, with interest at 8 per cent. per annum, payable semi-annually from the 25th day of January, 1890.

118—15

" 14. That the $2,000 payment made on the original $4,100 note, was not made from funds arising from the estate of Edward A. Crudup, deceased."

*Conclusions of Law.*

" 1. That the defendant, J. N. Holding, is entitled to judgment in favor of W. H. Pace, his *cestui que trust*, and against Susan L. Crudup, for the sum of $2,394.10, with interest at 8 per cent. per annum, payable semi-annually, from the 25th day of January, 1890, and that the interest of C. J. Crudup, E. A. Crudup, S. J. Crudup and Susan L. Crudup (whatever that interest may be) in and to the several tracts of land described and conveyed in the deed of trust to J. N. Holding, trustee, should be sold and the proceeds applied to the payment of said judgment.

" 2. That by the terms of the last will and testament of Edward A. Crudup, deceased, a use was raised in C. J. Crudup, in favor of herself and the children of said testator ; that this use was executed by operation of the Statute of Uses, and at his death the said C. J. Crudup and the other plaintiffs became tenants in common of all the property whereof the said testator died seized or possessed, each being entitled to a one-ninth undivided interest in the same.

" 3. If the effect of the will be to create C. J. Crudup a · trustee for herself and the other plaintiffs, this would be a " dry " or " naked " trust, and the *cestuis que trustent* and their alienees would be entitled to call upon the trustee for a conveyance of the legal estate.

" 4. If the effect of said will be to create C. J. Crudup a trustee for herself and other plaintiffs, still, as both the trustee and the *cestuis que trustent* have joined in a deed conveying their rights, then there is no one who can complain. The plaintiffs, C. J. Crudup, E. A. Crudup and S. J. Crud-

up, by their deed to J. N. Holding and C. M. Cooke, trustees, and by their deed of ratification, and the plaintiff, Susan L. Crudup, by her deed to J. N. Holding, were estopped to deny the validity of their own deeds, and whatever rights they had to the property sought to be conveyed in said deeds effectually passed, whether said rights were legal or equitable, and are subject to be sold and applied to the payment of the judgment designated in Conclusion No. 1.

" 5. That the deed of trust executed by Susan L. Crudup to J. N. Holding, trustee, is a valid conveyance of the property therein described, to-wit, a four-ninths undivided interest in and to the several tracts of land therein described, and the plaintiff, Susan L. Crudup, is not entitled to have the same reformed."

The plaintiffs filed the following exceptions, and assign as cause of said exceptions the following:

" 1. The conclusion of law No. 1 is erroneous. That part of said conclusion, which orders a sale of the shares of C. J. Crudup, E. A. Crudup, S. J. Crudup and S. L. Crudup in the several tracts of land described in the pleadings, because said Conclusion of Law violates the terms of the trust imposed by testator in his said will and testament, and disturbs the rights of the trustee in the said devised estate, and because no part of said estate is subject to actual sale, or partition, during the continuance of said trust, or during the life of said C. J. Crudup."

The conclusion of law No. 2 is erroneous:

" 1. That said conclusion declares that a use was raised in said C. J. Crudup, in favor of herself and the children of said testator, and that said use was executed by operation of the Statute of Uses, and that plaintiffs became tenants in common of said devised estate when, by the terms

of said will and testament, the said C. J. Crudup became the trustee of an express trust for the benefit and use of herself and testators, heirs-at-law, in the property devised by said testatoɪ, and that said trusteeship is created and constituted during life of said C. J. Crudup, and can only be terminated by death of said trustee.

" 2. That the effect, intent and purpose of said testator, as declared in the terms of his said will and testament, was to devise said estate to C. J. Crudup, to keep and hold together for her use and the use of his children, which created C. J. Crudup a trustee of said devised estate, with herself and said children as *cestuis que trust.*

" 3. That no fee simple interest was devised, or could vest in said C. J. Crudup in said estate by said will and testament, and therefore there was no tenancy in common, since the said heirs-at-law, these plaintiffs (there being eight of them) had only a beneficial or equitable interest therein, subject to the life-estate of the trustee, C. J. Crudup, and the terms of said trust, as declared in said will and testament, when upon the termination of said trust estate by the death of said C. J. Crudup, said heirs-at-law would then become tenants in common and entitled to an one-eighth undivided interest therein."

The conclusion of law No. 3 is erroneous :

" 1. After declaring that C. J. Crudup is a trustee for herself and the other plaintiffs, ' that this would be a " dry " or " naked " trust, and the *cestuis que trust* and their alienees would be entitled to call upon the trustee for a conveyance of the legal title,' because such conclusion would violate the effect, intent and purpose of the testator, as declared in said will and testament.

" 2. That the legal estate in and to said devised estate is vested in C. J. Crudup, trustee, and the *cestuis que trust* and their alienees are postponed in their partition, posses-

CRUDUP *v.* HOLDING.

sion and enjoyment of said estate until the termination of said trust estate, by the death of said C. J. Crudup."

The conclusion of law No. 4 is erroneous:

"1. That, having declared C. J. Crudup a trustee for herself and the other plaintiffs, a proper construction of said will would be to vest the legal estate in said devised estate in C. J. Crudup, trustee, as aforesaid, for life, with remainder in fee to the other plaintiffs.

"2. That said tenants cannot, by any conveyance or alienation, divest herself of said trust estate so as to defeat the intentions of said testator, as expressed in said devise, or to diminish or lessen the estate thus devised.

"3. That any attempt to alien or convey said devised estate, by said trustee, or any conveyance or ratification by said trustee, or any of the *cestuis que trust*, or alienation by them, would disturb the trustee in the enjoyment of the estate so devised to her; would be in derogation of her rights under said will and testament, and would be an irreparable wrong against said devisees *cestuis que trust*, these plaintiffs. Therefore the conveyances described in plaintiff's complaint should be set aside, modified or postponed in their operation, until the termination of said trust estate, according to plaintiff's prayer for judgment in said complaint."

Upon the coming in of the report, and after argument of the exceptions by counsel, the court held that all the findings of fact, and the conclusions of law, Nos. 1, 2 and 5, be sustained and affirmed; and signed the judgment set out in the record. The plaintiffs excepted and appealed.

*Messrs. W. M. Person* and *Shepherd & Busbee*, for plaintiffs (appellants).

*Messrs. F. S. Spruill* and *S. F. Mordecai*, for defendants.

FAIRCLOTH, C. J.: E. A. Crudup died April 1, 1876,

leaving him surviving, his wife, Columbia J. Crudup and eight minor children, seized and possessed of real and personal property.  His will was as follows : " I, Edward A. Crudup, of the State of North Carolina, Franklin county, being of sound mind and disposing memory, make this, my last will and testament.  Item is, I give to my beloved wife, Columbia Crudup, all my property of every description, to keep and hold together for her use and the use of my children, after my just debts are paid.  This March 31st, 1876.  Edward A. Crudup.  Witnesses : J. C. Fowler, G. M . Cooley."

The plaintiff, C. J. Crudup, was duly qualified executrix and the other plaintiffs are the children of the said testator, some of whom are now of full age and have made deeds of conveyance for their interest in said lands to the defendants, the said C. J. Crudup having joined with them in so doing.

The question presented is whether the wife and children, upon the death of the testator, took a fee-simple estate as tenants in common, or whether the said C. J. Crudup, the widow, holds the estate as trustee for her own use and the use of the children, without power to sell or convey any estate.

The rule is well settled that such questions must be determined by the intention of the testator and that is to be ascertained by looking at the whole instrument in the light of surrounding circumstances.  *Holt v. Holt*, 114 N. C., 241. These circumstances appear from the foregoing statement, and looking at the language in its natural bearing upon the situation, we think the testator intended that his wife should take and hold his entire estate, after the debts were paid, and keep it during her life, and also keep the children with her, during their minority, and use it to the best advantage for the benefit of herself and his children,

CRUDUP *v.* HOLDING.

and this we declare to be the meaning. It appears to us to be as if he had said : I desire that you, as long as you live, keep my minor children with you as the family ; care and provide for them as well as you can. And to enable you to do so I leave all my property with you to be used for your mutual comfort for that length of time. I adopt this plain and simple plan in order to avoid the necessity, expense and risk of the appointment of a guardian and administrations, if any of the children should die under age, and also to save the property from waste until the children shall have arrived at a more mature age.

Taking this view, the trustee, having no power under the will to do so, could not sell or mortgage any part of the property, as that would at once defeat the intent of the testator. We refer in support of this view, to *Young* v. *Young*, 68 N. C., 309, where A gave to his wife, " all my estate, real, personal and mixed, to be managed by her (and that she may be enabled the better to control and manage our children) to be disposed of by her to them, in that manner she may think best for their good and her own happiness." Held to be a gift to the wife in trust, not for herself nor for the children alone, but for both, to be managed at her discretion for the benefit of herself and children. Held further, that the trust is coupled with the power to dispose of the property at her own discretion as to time, quantity and person, and that no one of them is entitled, as of right, to have a share of the property allotted to him upon his arrival at age.

This is much like the present case, with some discretionary power in the trustee, not found in the instrument before us. The defendants contend that upon the testator's death the wife and children were seized in fee as tenants in common and could dispose of their interest at will. We cannot assent to that view. That would have

been so if Crudup had died intestate, with the slight difference as to the widow in taking one-ninth of the whole instead of a life-estate in one-third as her dower, and there was no reason for making a will to dispose of property " according to law." We have examined the decisions of this Court cited by the defendant and do not find any in conflict with our view of this case. With this question settled, it is not necessary to consider the other questions propounded between the defendant and those children who have undertaken to assign their supposed interest. These will be in order after the death of the trustee, C. J. Crudup, as the parties may deem proper.

Judgment Reversed.

CLARK and MONTGOMERY, JJ., did not sit on the hearing of this appeal.