PHYLLIS LEE MORRIS, INDIVIDUALLY AND AS ADMINISTRATRIX WITH THE WILL ANNEXED OF RICHARD MORRIS, v. RICHARD LEE MORRIS.

(Filed 22 May, 1957.)

**1. Wills § 31—**

The dominant and controlling objective of testamentary construction is to ascertain the intent of testator as gathered from the language of the instrument and the circumstances attendant, and therefore each case must be decided largely upon its own particular facts.

**2. Same—**

The intent of testator need not be declared in express terms, and regard is to be given to his dominant purpose rather than the use of any particular words.

**3. Same—**

In construing a will every word and phrase should be given effect if possible by any reasonable construction.

**4. Same—**

The purpose of G.S. 31-38 is to change the common law rule requiring words of perpetuity for a conveyance in fee so that a devise will be con-

strued to carry the fee unless it appears from the will that the testator intended to convey an estate of less dignity.

**5. Wills § 33d—**

No particular words are necessary to create a trust if the purpose is evident.

**6. Same—**

The will in question consisted of one sentence devising all of testator's property to his wife "to provide for" testator's only child "and herself." *Held:* The wife takes an estate in trust for the benefit of the son and herself for the purpose of providing for their joint support. Therefore, there is no merger of the legal and equitable estate in the wife which would defeat the trust even as to her, and she has no power to sell the realty except as authorized by the court upon a showing that the personal estate and rents are insufficient to support the son and herself.

APPEAL by defendant from *Gwyn, J.,* February, 1957 Term, RANDOLPH Superior Court.

Civil action for declaratory judgment to determine the rights of the parties under the following will: "Being of sound mind I hereby bequeath to my wife Phyllis Lee Morris all of property both real and personal to provide for my son Richard Lee Morris and herself  S/ Richard Morris, Dec. 30/1954."

The testator died 15 January, 1956, leaving him surviving Phyllis Lee Morris, wife, and Richard Lee Morris, age 14, his only child. The inventory disclosed that the personal estate consisted of $5,490.87. The record does not disclose what real estate passed under the will. The Superior Court adjudged that Phyllis Lee Morris took a fee simple estate in all property owned by the testator "and the phrase 'to provide for my son Richard Lee Morris and herself' was merely an expression of his desire and did not constitute or establish a valid testamentary trust." From the judgment, the defendant appealed, assigning as error the failure of the judge to hold the will created a trust in favor of the son, Richard Lee Morris.

*J. Harvey Luck, Guardian Ad Litem for Richard Lee Morris, defendant, appellant.*
*Archie L. Smith,*
*Hammond & Walker,*
*By: L. C. Hammond, for plaintiff, appellee.*

HIGGINS, J.   The courts approach with apprehension and misgivings the task of constructing wills—of saying what one now deceased meant by the words he used during his lifetime in the disposition of his property to take effect at his death. Holograph wills especially are like

the men who make them—individual. Two wills of exactly the same
wording may be differently construed by reason of the different cir-
cumstances surrounding the testator at the time he made the will—
differences in the number and ages of relatives, the amount and char-
acter of his property, his legal and moral obligations, and, above all,
the purpose he sought to accomplish. At best, therefore, the courts
can make use of previously decided cases only as meager aid in the
ascertainment of the testator's intent. "The discovery of the intent
of the testator as expressed in his will is the dominant and controlling
objective of testamentary construction, for the intent of the testator,
as so expressed, is his will." *Trust Co. v. Schneider,* 235 N.C. 446, 70
S.E. 2d 578; *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888; *Heyer
v. Bulluck,* 210 N.C. 321, 186 S.E. 356. "The intent of the testator need
not be declared in express terms." *Trust Co. v. Schneider, supra; Efird
v. Efird,* 234 N.C. 607, 68 S.E. 2d 279; *Trust Co. v. Miller,* 223 N.C. 1,
25 S.E. 2d 177. "And greater regard is to be given to the dominant
purpose of the testator than to the use of any particular words." *Trust
Co. v. Schneider, supra; Heyer v. Bulluck, supra; Allen v. Cameron,*
181 N.C. 120, 106 S.E. 484.

In discovering and giving effect to the testator's intent the will must
be examined from its four corners, and in the process consideration must
be given to every word and expression used. This rule of construction
came to us from the mother country. In 1725 the English Chancery
Court held: "It is a certain rule in the exposition of wills especially
that every word shall have its effect and not be rejected if any con-
struction can possibly be put upon it." *Baker v. Giles,* 2 Peere Wil-
liams, 280, English Chancery Reports, 24 Reprint 730. "The testator's
meaning must be collected from the will itself by attending to the dif-
ferent parts of it and comparing and considering them together."
*Strong v. Cummin* (1759), 2 Burrus 770, King's Bench Reports, 97
Reprint 552. "Every part of a will is to be considered in its construc-
tion and no words ought to be rejected if any meaning can be possibly
put upon them. Every string should give its sound." *Edens v. Wil-
liams,* 7 N.C. 27; *Hinson v. Hinson,* 176 N.C. 613, 97 S.E. 465; *Snow
v. Boylston,* 185 N.C. 321, 117 S.E. 14; *Roberts v. Saunders,* 192 N.C.
191, 134 S.E. 451; *Bell v. Thurston,* 214 N.C. 231, 199 S.E. 93; *Williams
v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Bank v. Corl,* 225 N.C. 96, 33
S.E. 2d 613; *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777;
*Voncannon v. Hudson Belk Co.,* 236 N.C. 709, 73 S.E. 2d 875.

The will before us for construction consists of one sentence—30
words. The only question is whether the testator intended to give all
his property to his wife in fee or whether the clause "to provide for my
son Richard Lee Morris and herself," impressed the devised property
with a trust for the purpose indicated. The trial court held the wife

took in fee. She called to her aid G.S. 31-38: "When real estate shall be devised to any person the same shall be held and construed to be a devise in fee simple, unless such devise shall in plain and express words show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity." The foregoing statute has been with us since 1784. Its purpose was to change the common law rule that a devise of lands without words of perpetuity conveyed a life estate only unless there was a manifest intention to convey the fee. Since the statute no words of perpetuity are required and a devise without them will carry the fee unless it appears from the will the testator intended to convey an estate less than the fee. *Henderson v. Power Co.*, 200 N.C. 443, 157 S.E. 425.

In the case at bar, although words of perpetuity are lacking, nevertheless under G.S. 31-38 the plaintiff takes a fee unless the clause, "to provide for my son Richard Lee Morris and herself," shows the testator intended to create a trust. In all cases herein cited except the two from the English courts, the decisions were rendered since the passage of the statute now G.S. 31-38. All the authorities are to the effect that the testator's intent, to be gathered from the words he used, is his will. Simply stated then, did the testator intend that the widow take the property in fee or did he intend that she be required to use it to provide for his son and herself? If the former, all is hers absolutely after payment of debts; if the latter, she must use it for the benefit of the son (12 when the will was written) and herself. If the former, the clause "to provide," etc., must be disregarded; if the latter, it must be given effect. The decisions are uniform that effect must be given to every expression the testator used if possible to do so. *Allen v. Cameron, supra; Ralston v. Telfair,* 17 N.C. 255. "No particular words are necessary to create a trust if the purpose is evident." *Stephens v. Clark,* 211 N.C. 84, 189 S.E. 191.

In the case of *Young v. Young,* 68 N.C. 309, this Court construed the following testamentary disposition: "To my beloved wife I give all my estate, real, personal, and mixed, to be managed by her (and that she may be enabled the better to control and manage our children), to be disposed of by her to them in the manner she may think best for their good and for her own happiness." The Court said: "Our conclusion is that the gift is to the wife *in trust,* not for herself, and not for the children, but for both, to be managed at her discretion for the benefit of herself and children."

In the case of *Crudup v. Holding,* 118 N.C. 222, 24 S.E. 7, the Court construed the following testamentary disposition: "I give to my beloved wife, Columbia Crudup, all of my property of every description to keep and to hold together for her use and the use of my children after all my just debts are paid." This Court said: ". . . the testator

intended that his wife should take and hold his entire estate after the debts were paid and use it to the best advantage for the benefit of herself and his children, and this we declare to be his meaning."

In the case of *Jarrell v. Dyer*, 170 N.C. 177, 86 S.E. 1031, this Court construed the following testamentary disposition: "I, Emma J. Simmons, being of sound mind, do hereby will and bequeath to my mother, Pauline E. Jarrell, all the property recently deeded to me by her, also all my other property that she may administer it to the use of my children." The Court held the conveyance "was in trust that the mother may use, control and administer it for the benefit of the testator's children. This confers on the mother no power of disposition by will or otherwise except as may be conferred by legal proceedings instituted for the purpose," citing *Young v. Young, supra;* and *Crudup v. Holding, supra.* See also *Brinn v. Brinn,* 213 N.C. 282, 195 S.E. 793; *In re Estate of Bulis,* 240 N.C. 529, 82 S.E. 2d 750; *Finch v. Honeycutt, ante,* 91. Under the holding in *Young v. Young, Crudup v. Holding,* and *Jarrell v. Dyer,* there is no merger of the legal and equitable estate in Phyllis Lee Morris which would defeat the trust even as to her.

In writing the will before us, the testator was frugal in his use of words. We do not feel at liberty to strike any part of the will, especially the words which appear to state his dominant purpose in making the devise: "to provide for my son Richard Lee Morris and herself."

We hold that Phyllis Lee Morris takes the estate in trust for the benefit of the son and herself. She is entitled, as trustee, to the personalty after the estate is settled, and to the rents from the realty, and it is her duty to use both for the support of the son and herself. The will gives her no power to sell realty except as authorized by the court upon a showing that the personal estate and rents are insufficient to support the son and herself.

Reversed.