ALONZO M. MOORE, JR., WILLA GRAY BOYD, MARY GRAY KASTEN, JOYCE LASTOVICA, IRMA ROGERS HALL, JAMES EVERETT ROGERS, NAOMI ROGERS METZGER, HOWARD J. ROGERS, HERBERT A. ROGERS, JR., KATHERINE ROGERS BIGGS, BENJAMIN R. CRIGLER, AND SUSAN CRIGLER SMITH v. VENIE SMITH

No. 7710SC203

(Filed 1 June 1977)

Trusts § 6— unauthorized conveyance by trustee

Where testator's will devised real property to an individual as trustee, designated such individual as lifetime beneficiary of the trust, gave the trustee broad powers to dispose of the property for the purpose of supporting the trustee-beneficiary, and named plaintiffs as remaindermen of the trust property, a conveyance of the property by the trustee-beneficiary to defendant, whether a gift or a sale, was unauthorized and void since it was not necessary for the support of the beneficiary and it was not beneficial to the testator's "estate," which includes plaintiff remaindermen as well as the trustee-beneficiary.

APPEAL by defendant from *Herring, Judge.* Judgment entered 25 October 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 12 May 1977.

Plaintiffs brought this action for a declaratory judgment pursuant to Chapter 1, Article 26 of the General Statutes

(§§ 1-253 et seq.) asking that the status of title, ownership and rights of the parties with respect to certain real property located in Wake County be declared.

Jury trial was waived. After a trial at which plaintiffs and defendant presented oral and documentary evidence and certain stipulations, the court made findings of fact including the following which are pertinent to this appeal: (Stated verbatim unless otherwise indicated.)

4. J. H. Moore died on or about December 16, 1931 leaving a last will and testament which has been duly probated and recorded in the Office of the Clerk of Wake County Superior Court; and said will provided in part as follows:

(a) The residue of the decedent's estate was conveyed to Vannie Moore (later known as Savannah Hoy) and The Commercial National Bank of Raleigh, in trust.

(b) The trustees were instructed to "hold, handle, manage, invest, sell, dispose of and reinvest the same in such manner as they may deem to the best interest of my estate."

(c) Vannie Moore was not to make any investment without the approval of The Commercial National Bank of Raleigh.

(d) The Trustees were directed to pay so much of the net income (after payment of expenses) "as may be necessary" to Vannie Moore for her support and maintenance.

(e) In the event the net income was not sufficient for that purpose, the Trustees were authorized to "use so much of the principal as may be necessary for said purposes."

(f) In case the Trustees disagreed as to the amount to be used, the decision of the bank was binding, and the settlor requested that Vannie Moore consult the bank relative to any investments from her own individual funds.

(g) At the death of Vannie Moore, the settlor devised the house and lot located at 620 West Cabarrus Street to Willa Gray Boyd in fee simple, if she survived Vannie

Moore v. Smith

Moore, and the remainder of said property to his children, A. M. Moore, Ida Moore Gray and Mollie Jane Moore Rogers, share and share alike, per stirpes.

(h) J. H. Moore further authorized his Executor and Trustees "to sell or otherwise dispose of any of my property, real, personal or mixed, at private or public sale at such price and upon such terms as they deem proper, without order or approval of the Court."

5. J. H. Moore was survived by his children, Vannie Moore, A. M. Moore, Ida Moore Gray and Mollie Jane Moore Rogers.

6. A. M. Moore predeceased Savannah Hoy (formerly Vannie Moore) ; he had one child, Alonzo M. Moore, Jr., now surviving.

7. Ida Moore Gray predeceased Savannah Hoy; she had the following children: (children named).

8. Mollie Jane Moore Rogers predeceased Savannah Hoy; she had the following children: (children named).

9. On February 6, 1932, A. D. Burrowes, Receiver of The Commercial National Bank of Raleigh, moved the Court to allow the bank to resign as Trustee and Executor because the bank had suspended business; on February 6, 1932 an Order was entered accepting the resignation of The Commercial National Bank of Raleigh as Executor and Trustee under the last will and testament of J. H. Moore.

10. Savannah M. Hoy was appointed Administratrix C.T.A. of the Estate of J. H. Moore; no Trustee was ever substituted to replace The Commercial National Bank of Raleigh.

11. As Administratrix C.T.A., Savannah M. Hoy filed a Final Account in the Estate of J. H. Moore which was approved on August 9, 1933.

12. As surviving Trustee under the will of J. H. Moore, Savannah M. Hoy filed an Inventory and First Account on May 29, 1940, a Second Account on July 29, 1941 and a Third Account on December 28, 1942.

13. No other documents have been filed in the Office of the Clerk of Wake County Superior Court either by

the personal representative of the Estate of J. H. Moore or by any Trustee under the will of J. H. Moore.

14. At the time of his death J. H. Moore owned in fee simple several parcels of real property located in Raleigh Township, Wake County, North Carolina, including the following described property: (lot on North Street in Raleigh particularly described).

15. On or about May 25, 1972, Savannah M. Hoy executed a deed purporting to reserve a life estate for herself in the aforesaid real property and to convey the remainder to defendant; said deed was recorded in Book 2074, Page 361, Wake County Registry.

16. The aforesaid deed to defendant is executed by Savannah M. Hoy, individually, and there is no indication in the deed that Savannah M. Hoy acted in her capacity as Trustee in making the conveyance; there are no findings in the deed as to the necessity of the transfer in order to provide support for Savannah M. Hoy; although the deed recites $10.00 and other consideration, there are no revenue stamps affixed to the deed.

17. At the time J. H. Moore executed his will on May 4, 1931, Savannah M. Hoy was about 59 years of age; at the time Savannah M. Hoy executed the aforesaid deed to defendant, on May 25, 1972, she was 100 years of age; at the time of her death Savannah M. Hoy was 103 years of age.

18. For about the last eight years of her life, Savannah M. Hoy resided in the home of defendant; defendant cared for Mrs. Hoy and provided her with the necessities of life in addition to her room; Mrs. Hoy paid the defendant for such services and provisions at a beginning rental of $160.00 per month; the rental was increased over the years, and at the time of her death Mrs. Hoy's rental to defendant was $284.00 each month.

19. At all times during Mrs. Hoy's residence with defendant, defendant expected the payment of monthly rental by Mrs. Hoy, and Mrs. Hoy expected to pay rental to defendant; however, during the last year or two prior to her death, Mrs. Hoy was not always able to pay the full amount of rental owing to defendant, and at the time

of her death, Mrs. Hoy was indebted to defendant for past due rentals in the total amount of $900.00.

20. Mrs. Hoy often told defendant that she had been as good as a mother to her, expressed her concern that she was unable to pay more to defendant for her support, and stated that she wanted defendant to have the aforesaid real property because she would not need it when she was gone.

21. Mrs. Hoy fell on her 100th birthday, and she required special attention from defendant for about a week thereafter; subsequently, sometime within the year prior to her death, Mrs. Hoy again fell and injured her hip and required special attention from defendant.

22. Defendant did not pay any actual money to Mrs. Hoy or forgive any indebtedness as consideration for the conveyance of the aforesaid real property.

23. On or about April 28, 1971 Attorney W. G. Parker visited Mrs. Hoy; pursuant to that conversation he prepared and witnessed a will for Mrs. Hoy which she executed on May 11, 1971; among other things, said will devised the aforesaid real property to defendant "for her many services and attentions to me."

24. Mr. Parker subsequently prepared the deed by which Mrs. Hoy conveyed the aforesaid property to defendant; at the time of his conversation with Mrs. Hoy, she was alert and able to assist him to obtain a legal description of the property.

25. On or about September 2, 1974 Attorney W. G. Parker wrote to plaintiff, Willa Gray Boyd, stating that Mrs. Hoy's income was approximately $277.00 per month while her indebtedness to defendant was $280.00 per month; Mr. Parker based those figures upon his conversation with Mr. Hugh E. Cherry, who was later appointed attorney-in-fact-for Mrs. Hoy.

26. Mrs. Hoy maintained regular contact with her niece, Willa Gray Boyd, by writing to her often; Mrs. Boyd was very attentive to the needs of Mrs. Hoy for many years during Mrs. Hoy's old age; by correspondence dated June 7, 1972 and September 15, 1972 Savannah Hoy wrote

to Mrs. Boyd that her only needs were rent and medicine, and she had enough money to meet those expenses.

27. The approximate value of the aforesaid real property is $10,000.00.

Upon the foregoing findings of fact, the court made the following conclusions of law: (Stated verbatim unless otherwise indicated.)

1. The will of J. H. Moore creates a trust in which Savannah M. Hoy is the surviving Trustee and lifetime beneficiary and plaintiffs are remaindermen with respect to property not disposed of during the lifetime of Savannah Hoy for the purpose of providing for her necessary support and maintenance.

2. There is no merger of title of the trust estate because the legal title of the Trustee and the equitable title of the life tenant and ultimate remaindermen are not coextensive and commensurate or identical as to quality and nature of tenure.

3. The real property hereinbefore described and known as 607 West North Street, Raleigh, North Carolina, was a part of the corpus of the trust estate created by J. H. Moore.

4. The conveyance of said property by Savannah M. Hoy to defendant by deed dated May 25, 1972 constituted a gift and was not such a conveyance or sale authorized under the terms of the trust created by J. H. Moore as was necessary to provide for the support of Savannah M. Hoy.

5. Said conveyance by Savannah M. Hoy to defendant was not necessary for her support.

6. The deed from Savannah M. Hoy to Venie Smith, defendant, dated May 25, 1972 and recorded in Book 2074, Page 361, Wake County Registry, is an improper and unauthorized conveyance, constitutes a cloud upon the title to the real property described therein, and should be declared null and void and of no force or effect.

7. The defendant, Venie Smith, owns no interest in the property hereinbefore described and known as 607 West North Street, Raleigh, North Carolina.

8. Said real property is owned by plaintiffs, free and discharged of the trust, as surviving heirs and remaindermen under the will of J. H. Moore, in the following proportions: (Names of remaindermen and respective interests set out.)

The court "ordered, adjudged and decreed" as follows: (Stated verbatim unless otherwise indicated.)

1. The deed from Savannah M. Hoy to Venie Smith dated May 25, 1972 and recorded in Book 2074, Page 361, Wake County Registry, is hereby declared to be null and void and of no force or effect to convey any interest in the real property hereinbefore described and known as 607 West North Street, Raleigh, North Carolina to the defendant, Venie Smith.

2. Said real property is owned by plaintiffs, in fee simple, discharged of the trust of J. H. Moore, in the following proportions: (Names of plaintiffs and respective interests set out.)

3. A copy of this Judgment shall be entered upon the records in the Office of the Wake County Register of Deeds, and a notation of the book and page of recording of the judgment shall be indicated upon the aforesaid recorded deed to defendant.

4. All costs of this action are taxed to defendant. Defendant appealed.

*Tharrington, Smith & Hargrove, by J. Harold Tharrington, for plaintiff appellees.*

*Rafford E. Jones for defendant appellant.*

BRITT, Judge.

Although defendant excepted to several of the findings of fact, she has brought forward and argued only her exception to finding 22. That being true, all findings of fact except 22 are assumed to be correct and supported by the evidence. 1 Strong, N. C. Index 3d, Appeal and Error § 28.1. Rule 10, Rules of Appellate Procedure, 287 N.C. 671, 698 (1975).

In finding 22 the court found as a fact that defendant did not pay any actual money to Mrs. Hoy or forgive any indebted-

ness as consideration for the conveyance of the real property in question. Defendant contends this finding is not supported by any evidence. We disagree with this contention. In her testimony (R p 73) defendant stated: "Neither I nor my husband actually paid any money to Mrs. Hoy for these conveyances. . . . " She further testified (R p 60) : "When she deeded me the house she didn't owe me any money".

We hold that finding of fact 22 is fully supported by evidence.

Although defendant excepted to all of the trial court's conclusions of law except conclusion 3, she has not preserved her exceptions to conclusions 1 and 2; therefore, those exceptions are deemed abandoned. Rule 10, Rules of Appellate Procedure, *supra.*

Defendant contends that the trial court erred in making conclusions of law 4, 5, 6, 7 and 8. We find no merit in this contention.

The basic conclusions of law made by the trial court are that (1) the conveyance of the property to defendant was a gift, (2) the conveyance or sale was not authorized, and (3) the conveyance was not necessary for the support of Mrs. Hoy.

A voluntary conveyance of land from one person to another, made gratuitously, and not upon any consideration of blood or money or other thing of value, is a gift. Black's Law Dictionary, 817 (4th ed. 1951), citing 2 Bl. Comm. 440 and other authorities. Admittedly, Mrs. Hoy was not related by blood to defendant. As pointed out above, the finding of fact that defendant did not pay any money or forgive any indebtedness as consideration for the conveyance is amply supported by the evidence. Furthermore, the evidence is replete with the term "give" as illustrated by the following statement of defendant: " . . . she (Mrs. Hoy) said she would give me this house, says honey I know I'm not paying you enough, I don't need this house, I'm gonna give you this house, on North Street, I would rather you would have it than anybody else because I had been a mother to her."

Whether the conveyance in question is viewed as a gift or a sale, we think the evidence and the findings of fact support the trial court's conclusions of law that it was not authorized. In 76 Am. Jur. 2d, Trusts § 438, pp. 657-8, we find: "A power

of sale conferred upon a trustee does not in general authorize an alienation of any character other than a sale. Granting of the power to sell usually does not authorize a gift of the trust property. Nevertheless, it has sometimes been held that a gift of trust property by the trustee could be properly made where such gift was beneficial to the estate. . . . " *See also* Annot., 21 A.L.R. 3d 801 (1968). Since the "estate" in the case at hand included plaintiffs as well as defendant, it cannot be said that a gift of the subject property by Mrs. Hoy was beneficial to the estate of J. H. Moore.

"The relationship of a trustee to the cestui que trust is unquestionably a fiduciary one, requiring the trustee to administer the trust faithfully for the benefit of the cestui que trust. . . . " 76 Am. Jur. 2d, Trusts § 111, p. 356. Although in effect Mrs. Hoy was trustee for herself, plaintiffs were also cestuis que trust and Mrs. Hoy had a duty to them.

While the will in question granted Mrs. Hoy as trustee broad powers in the use of the subject property, her power was not unlimited. "However large may be the powers with which the trustee is invested, they are all to be exercised only for the purpose of effectuating the trust; and when it appears that such powers are perverted to the detriment of the *cestui que trust,* the court will promptly interpose its protective authority." *Lightner v. Boone,* 222 N.C. 205, 209, 22 S.E. 2d 426, 428 (1942), Chief Justice Stacy quoting from *Albright v. Albright,* 91 N.C. 220 (1884).

Although the facts in *Morris v. Morris,* 246 N.C. 314, 98 S.E. 2d 298 (1957), are quite different from those in the case at hand, we think the holding in that case provides some guidance here. In *Morris,* the testator left the following will: "Being of sound mind I hereby bequeath to my wife Phyllis Lee Morris all of (my) property both real and personal to provide for my son Richard Lee Morris and herself S/ Richard Morris, Dec. 30/1954." The Supreme Court held that the wife took an estate in trust for the benefit of herself and son and that she had no power to sell the real estate except as authorized by the court upon a showing that the personal estate and rents were insufficient to support the son and herself.

It is true that Mrs. Hoy was not required to obtain permission from the court to sell real estate belonging to the trust. Nevertheless, in making a sale, she had to consider beneficiaries

of "the estate" other than herself and the court is available to pass upon her action.

Jury trial having been waived, His Honor was the trier of the facts and we think his findings fully support his conclusions of law.

The judgment appealed from is

Affirmed.

Judges VAUGHN and ARNOLD concur.