Ruffin, Chief-Justice,
 

 after stating the case as above proceeded — The only question argued in tiiis case, is, whether the legacy to the plaintiff is charged on the lands and it has been intimated from the bar, that it will probably be unnecessary for the court to proceed further than to the decision of that, as the parties will be disposed to adjust the controversy as soon as their rights
 
 in
 
 this respect are declared. We understand that the reference was made by consent to speed the cause, and without
 
 prejudice;
 
 hence, as the devisees are infants, the court lias allowed the point to be treated as open, and have considered it.
 

 The dissent of the widow remits her to her right of dower, which is held above the will, and is liable neither to debts nor legacies, and the bill must consequent-be dismissed as against her.
 

 Upon the general question the court has no difficulty in declaring the legacy of $500 to be well charged on the real, in aid of the personal estate. It seems to us to be expressly charged. It is ‘‘to bo raised out of my estate,” are the words of the testator, and include every thing, and shew on an intention that this legacy should bo raised at all events. Tiie other provisions of the will strengthen this construction. It is true there is no residuary clause, nor are there any words annexed to the devise of the lands expressing in that part of the will that the devise was subject to this legacy. But the testator sets out with the declaration that he means to dispose of all his worldly goods, and the personalty turns out to be very inconsiderable, and except this legacy,every thing given is to the wife for life, whom he appoints executrix, with remainder over to the
 
 *375
 
 same persons, in each disposition, and upon the same contingency. It must betaken,! think,as the executrix, whose duty it is to pay tlie legacy, is to have the whole profits of the estate during life, that the testator could not intend that this legacy should be allowed by her to fail, in case the undisposed residue proved deficient, but that the executrix should make it good out of other parts of the estate. If this be true as against the wife, it is equally or more apparently so in respect to the remainder-men. This legacy is absolute, unconditional and immediate, and is the only disposition of that kind which gives the idea that when it is directed to be raised out of the estate, the legatee is to be preferred before those to whom a remote and contingent interest is limited,but so limited, that when it vests it carries the whole estate to the disappointment of this legatee, unless the estate vests cum
 
 onere.
 
 These circumstances make the intention clear, though there is no necessity of resorting to them, except as they evince that the obvious sense of the words in which the legacy is given,is the true sense in which the testator used them. We consider the charge need not be implied, but it is expressed, and so the court declares.
 

 We do not go further at present,because the parties do not desire it. Indeed, before the court could proceed to order the money to be raised by a sale or mortgage, a further inquiry would be requisite as to the profits,or the proceeds of the former sales remaining in the guardian’s hands, which may of themselves be adequate to the plaintiff’s satisfaction. If the settling of the principle should not enable the parties to dispose of the controversy, either can bring any question forward upon a motion for further directions.
 

 Per Curiam. — Decree according!.*.