Battle, J.
 

 Tlfe question presented, for our determination,.,
 
 *371
 
 involves the construction of the first clause of the will of the testator,
 
 Henry
 
 Carter, and it is whether the legacy therein given to James Carter, depended upon a condition precedent, and was lost, because the condition became an impossible one before the death of the testator. The counsel, for the plaintiffs, contends strenuously for the affirmative, while the counsel for the defendant, James Carter, insists that the condition was a subsequent one, or that the legacy was intended by the testator to be vested, subject to the charge, that the-legatee should take care of his mother.
 

 In the consideraron of this question, it cannot be denied' that the condition is in form and appearance, precedent to the-vesting of the legacy ; but we learn from the highest authority, that when such conditions are at first, or afterwards be - come impossible, the rule applied to.Requests of personality, is-different from that which governs devises of realty.. T-linss. in 2 'Williams on Executors, 786, it is said that,.“ w-ithrespect to conditions precedent, which are impossible^ different rule is applicable to bequests of personal property from that which is prevalent respecting devises of realty.. By the common law of England, if a condition precedent is-, impossible, as to drink up all the water in the sea, the devise will be void. But by the civil law, which on this subject, has been adopted by the courts of Equity, when a condition-precedent to the vesting of a legacy is impossible, the bequest is single, that is, discharged of the condition, and the-legatee will be entitled as if the legacy were unconditional:”'' It is admitted that there are exceptions to this rule of the civil law, as appears from what Mr. Williams says-further on in the same page: “If, indeed, the impossibility of the condition were unknown, to the testator, as where a legacy is given on condition that-the legatee marries the testator’s daughter, who happens to be-then dead ; or where the impossibility arises-from a subsequent act of God, as if she be living at the date of the will, but dies before the marriage can. be-solemnized, the impracticability of the performance wilbbe a bar to the claim of the legatee ; in cases, at least, such.as-those mentioned* where the perform-
 
 *372
 
 anee of the condition appears to be the motive of the bequest.”
 

 Mr. Roper, in his learned treatise on Legacies, (1 vol. pp. 505, 506,) lays down the law in substantially the same terms, with this difference, however, as to the excepted cases of the civil law, that the legacy will be void only where the impossible condition is “ the
 
 sole
 
 motive of ther bequest.” Applying these rules to the case now before us, the enquiry is presented : Was the taking care of his mother, the sole motive of the legacy to James Carter? We are clearly of opinion it was not. The testator made provision in his will, more or less, for all his children, but whether the portions were equal, we are not informed. Of the property given to his wife, for life, the testator directs that a part should be sold and divided among the other children, leaving his son, James, the remaining part, upon the condition of his taking care of his mother. She was not to be taken care of out of the 'property, for that was already given to her, for life, and nothing is stated, either in the will, or the pleadings, to show that she needed any thing more than the ordinary care and attention due from a son to his mother. The motive of the legacy to James was, doubtless, in part, at least, the desire of the testator to provide for his son as he had provided for his other children, and it was not intended that he should lose-the-legac}', if Ins mother should not need his care.
 

 We have hitherto considered the condition as -if it were a single act, to be done or omitted at once, like the case of a legacy to one, provided he should marry the testator’s daughter, mentioned in the works to which we have referred. But, in truth, it is a continuing condition, which might require the performance of many acts during a long series of years. Had his widow survived the testator, his son, 'James, was to be charged with the care of her during Iier whole life, whether long or short. We cannot believe that the testator intended the legacy to remain in a state of -contingency during all that time, but he designed it to become -vested at once, subject to be forfeited when his son should fail in the continued performance of >the<condition. -That ^condition, therefore, though in
 
 *373
 
 form and appearance a precedent one, is, in reality and legal effect, a subsequent condition, and as such, could not by becoming an impossible one, prevent the legacy from taking effect. So, all the authorities agree, as will be seen by referring to those standard authors, which we have already cited. See also
 
 Darley
 
 v. Langworthy, 7 Bro. Par. Cas. 177.
 

 Pee Cueiam, Decree accordingly..