Battle, J.
 

 A devise of land upon a condition precedent •can never take effect where the condition has become, in -any way, impossible to be performed. All the authorities ■agree in this: “ But by the civil law, which on this subject has been adopted by the Court of Equity, Avhen a condition precedent to the vesting of a legacy is impossible, the bequest is single, that is, discharged from the condition, and the legatee will be entitled as if the legacy were unconditional.” An exception to this rule in relation to legacies prevails where the condition is the motive, or as some authors say, the sole motive of the bequest. 2 Wms. Ex’rs., 786; 1 Rop. Leg., 505 and 506. In the case of
 
 Nunnery
 
 v.
 
 Carter,
 
 5 Jon. Eq., 370, we held that where personal property was bequeathed to a son, “ provided he take care of his mother for her lifetime,” it was not the intention of the testator that the whole condition should be performed before
 
 *145
 
 the property vested, but that he should take an 'estate at once, to be forfeited on failing to perform the continuing duty. It followed from this that the son took the legacy, notwithstanding the death of his mother in the lifetime of the testator, because the taking care of the mother was not the sole motive of the bequest to the son. But in the present case the condition precedent assumes a different aspect. It appears that the sole motive wdth the testator for leaving the greater part of his estate to his son John, to-the exclusion of all his other children, was that John should
 
 live with him and help him pay his debts,
 
 as well as treat his parents with “humanity and kindness.” John’s life was terminated by the act of God before the death of the testa tor, so that he could not perform the condition upon which'* he was to have the property. Indeed his death in the lifetime of his father, the testator, caused the legacy to lapse and the benefit of the condition is not “ real or personal estate,” which the statute gives to issue of the legatee dying under such circumstances. See Rev. Code, c. 119, s. 28.
 

 It must be declared that the death of the devisee and legatee, John A. Rowland, in the lifetime of the testator, has left the property, both real and personal, intended for him, undisposed of, and that the same belongs to the heirs at law and next of kin of the testator. There may be a de-cree for the necessary accounts, &c.
 

 Per Curiam.
 

 Decree accordingly.