FRED E. HINSON, BY HIS NEXT FRIEND, MARY HINSON, v. BRADY HINSON, EXECUTOR OF MOSES HINSON.

(Filed 4 December, 1918.)

1. **Wills—Interpretation.**

Wills should be construed as a whole, without rejecting words having a reasonable significance in connection with their subject-matter, giving them their legal meaning when they have a clearly defined significance; and the construction of the will should be in recognition of the principle that the first taker, when not inconsistent with the other provisions of the will, is to be regarded as the primary object of the testator's bounty.

2. **Same—"Estate"—Care of Testator's Wife—Period Designated—Compensation—"A Year"—Annually.**

A devise of lands to the wife for life and to such of the testator's sons as will stay with and take care of her during her life, one hundred dollars a year to be paid out of the estate, it appearing that the personal property was without significance, and that the income from the land would support the wife, requires that the son, to get the benefits under the will, shall comply with its terms for the whole of the period stated, signifying that the "one hundred dollars a year" should become a charge both on the real and personal "estate" at the death of the wife, and that the use of the words "one hundred dollars a year" was not intended as synonymous with "annually," but prescribed a method of ascertaining the amount to be paid to the son, who had fully complied with the requirement designated.

BROWN, J., concurring; WALKER, J., concurring in opinion of BROWN, J.

APPEAL by defendant from *Harding, J.,* at the May Term, 1918, of UNION.

This is an action to recover $200, commenced before a justice of the peace and tried in the Superior Court on appeal on an agreed statement of facts.

The claim of the plaintiff is based on paragraph 5 of the will of Moses Hinson, which is as follows: "My will and desire is that whichever one of my sons that will stay with and take care of my wife during her life shall receive the sum of one hundred dollars a year, to be paid out of my estate."

The plaintiff, Fred E. Hinson, is one of the sons of said Moses Hinson, and remained in the home of the widow, Mary Hinson, after the

death of the testator for more than two years before the bringing of this action, and in compliance with the will of his father "took care of" the widow. Upon demand made on the executor for the sum of $200 the executor declined to pay the plaintiff anything for his services.

The testator died on 25 February, 1916, and this action commenced on 28 February, 1918. The widow is still living.

. It is found as a fact, by agreement of parties, that at the commencement of this action the plaintiff was entitled to recover the sum of $200, if anything.

Judgment was rendered in favor of the plaintiff, and the defendant appealed.

*Stack & Parker for plaintiff.*
*R. B. Redwine and John C. Sikes for defendant.*

ALLEN, J. In construing wills, every part is to be considered, and no words ought to be rejected if any meaning can possibly be put upon them. The instrument is to be dealt with as one act. Apparently inconsistent provisions must be reconciled if it can reasonably be done. *Satterwaite v. Wilkinson,* 173 N. C., 40. When language is used having a clearly defined legal signification, it must be given its legal meaning and effect, and the first taker is regarded as the primary object of the testator's bounty. *Whitfield v. Douglas,* 175 N. C., 48.

Applying these principles, we find in the will before us the word "estate," which has been held to include land (*Powell v. Woodcock,* 149 N. C., 238); "to be paid out of my estate," which creates a charge on land (*Bray v. Lamb,* 17 N. C., 372), and "a year," which has been held not to be synonymous with "annually," and to be used as a means of fixing the rate of compensation. *Edwards v. R. R.,* 121 N. C., 491.

The will, then, in the light of these authorities, would read, "whichever one of my sons that will stay with and take care of my wife during her life shall be paid at the rate of $100 a year, and this shall be a charge on my personal and real property."

The testator gave the whole of his estate to his wife for life, expecting her to be supported out of the income; and in the fifth item he was making provision for the care and attention, which a son in the home could give without any considerable tax on his time, and the item does not include strangers, but is confined to sons, who would be moved by other considerations than the amount of money paid and to whom their father gave all his property after the death of their mother. Can it be possible under these conditions, with the support of his wife during her life the paramount and controlling idea in the mind of the testator, that he intended to create a charge on his estate in favor of a son who

stayed with her and took care of her for a less time than her life, which could be enforced prior to her death, and thereby make it possible for her to be deprived of her life estate 'and means of support? And this might be the result if the plaintiff can maintain this action, because if entitled to recover he can have the amount due declared a charge on the estate and would be entitled to an order of sale to discharge it. *Bray v. Lamb, supra.* This is not only possible, but probable, since it appears from the agreed statement of facts that the personal estate in the hands of the executor is only about $40, and it would therefore be necessary to sell the land to satisfy the plaintiff's claim.

The will, considered as a whole, forbids this construction, and when we turn to item 5 the language is plain and explicit that compensation shall be paid to the son who stays with and takes care of the wife "during her life," and to no one else.

If it be said that this may deprive the wife of the care and attention of a son, as he would not stay with his mother if' he was to be paid nothing until her death, and thus defeat the intent of the testator, the answer is, first, we are not at liberty to depart from unambiguous language used by the testator to avoid a danger which may never arise, and, again, the provision is for a son, not a stranger, who would be moved by his affection for his mother and would not be calculating on the length of her life, and who would know that upon her death his brothers would have to account for the amount of his compensation in a division of the property. The case of *Nunnery v. Carter,* 58 N. C., 370, in which language, not as clear and imperative as in the will before us is construed, is an authority for the position that it was not the intention of the testator for the property to be sold during the life of the wife, and that the services were to continue during life.

The language in the Carter will was "To his said wife during her natural life, and then 'to be James Carter's, provided he take care of his mother; if not, to be whose that does take care of her,'" and the Court said, "Of the property given to his wife for life, the testator directs that a part should be sold and divided among the other children, leaving his son James the remaining part, upon the condition of his taking care of his mother. She was not to be taken care of out of the property, for that was already given to her for life, and nothing is stated, either in the will or the pleadings, to show that she needed anything more than the ordinary care and attention due from a son to his mother." And, again, "We have hitherto considered the condition as if it were a single act, to be done or omitted at once, like the case of a legacy to one, provided he should marry the testator's daughter, mentioned in the works to which we have referred. But in truth it is a continuing condition which might require the performance of many

acts during a long series of years. Had his widow survived the testator his son James was to be charged with the care of her during her whole life, whether long or short."

We are, therefore, of opinion the plaintiff cannot maintain his action for compensation until after the death of his mother.

Reversed.

BROWN, J., concurring: I concur in the opinion of the Court, and also am of opinion that the action should be dismissed upon the further ground that a justice of the peace has no jurisdiction to enforce the payment of a legacy devised by will or to enforce a charge created by will upon the *corpus* of the estate.