No error.

---

WILLIAM B. SNOW, INDIVIDUALLY AND AS ADMINISTRATOR OF ELIZABETH McC. SNOW v. ADELAIDE S. BOYLSTON, INDIVIDUALLY AND AS ADMINISTRATRIX OF E. McC. SNOW AND MARY S. BASKERVILLE.

(Filed 18 April, 1923.)

1. **Wills—Interpretation—Intent.**

The intent of the testator as expressed in the will, when not in violation of law, shall be given effect, and in ascertaining it, the instrument will be considered as a whole, giving to each and every part significance, and harmonizing apparent inconsistencies when it can be done by a reasonable interpretation.

2. **Same—Equal Distribution—Use of Home Place.**

The will of the testatrix estimated the value of her estate at $100,000 after deducting the payment of certain obligations, and after further allowing for certain pecuniary legacies, directed that her estate be divided between her three children, naming them, with further provision that her home place, valued at $40,000 in her estimate of the entire estate, shall be a home for a certain one of her daughters "till such time as a smaller place can be provided and the home place sold for a division": *Held*, the intent of the testator, as gathered from the language used, was an equal division of her estate, including the proceeds from the sale of the home place, among her children named by her; and an interpretation that the "smaller place" should be provided for the daughter from the estate before division made, would not only violate the pervading purpose of the will, but would require the addition of words not appearing therein, and such would not be a proper charge against the estate.

3. **Executors and Administrators—Account and Settlement—Statutes— Rights of Distributees.**

While our Statute, C. S., 150 allows executors and administrators two years within which to settle the decedent's estate, with an extension of time for good cause shown, this does not necessarily give them the two years in which to make settlement when the status of the estate would otherwise permit, and if the estate is so far advanced as to justify it, the executors and administrators may be called on by the beneficiaries to account and pay over within the two years period. C. S., 156.

4. **Same—Use of Home Place—Reasonable Time.**

When it appears from the proper interpretation of a will that the estate of the testatrix, after the payment of small pecuniary legacies, etc.,

21—185

SNOW *v.* BOYLSTON.

should be equally divided among her three children, and that one of them should have the use of the home place till she could provide a "smaller place" from her share of the estate, and it is properly made to appear that ample funds are in the hands of the executor to pay certain small debts and charges against the estate, remaining unpaid, and that the estate is ready for distribution: *Held,* the right of the daughter to occupy the home place free of rent was only for a reasonable time after the death of the testatrix, having regard to the circumstances presented, the condition of the estate and the time required for its proper settlement, thus affording the daughter a home until from her share she would be in a position to procure a smaller home for herself; and where she has remained in the home place for a longer time than the circumstances would permit, she is properly chargeable with a reasonable rent thereafter.

APPEAL by defendant from *Lyon, J.,* at October Term, 1922, of WAKE.

There were two proceedings, one for the partition of the real estate of Elizabeth McC. Snow, deceased, by the heirs at law, and the other for the settlement and distribution of the personal estate of said Elizabeth McC. Snow, consolidated and tried by consent before his Honor C. C. Lyon.

There was judgment directing partition of the realty and also construing a paper-writing which was agreed upon by all parties should be considered as the last will and testament of Mrs. Snow and making distribution of the personal estate accordingly.

From the judgment entered defendant, Mrs. Adelaide Boylston, appealed to Supreme Court.

*James H. Pou and Murray Allen for plaintiff.*
*Manning & Manning for defendant.*

HOKE, J. The pertinent facts and conclusions of law thereon are embodied in the judgment as follows:

The two above entitled causes coming on to be tried at the second October, 1922, Term of the Superior Court of Wake County, before his Honor, C. C. Lyon, judge presiding, the same having been by consent of the parties thereto, consolidated and tried together; and a jury trial having been waived by counsel for the parties and the signing of the judgment having been, by consent of counsel, continued to the second November Term, 1922, of said court; and the said parties to said causes having, in open court, agreed and consented that the paper-writing on 7 August, 1920, by Mrs. Elizabeth McC. Snow and found among her valuable papers and effects, copy of which is as follows, viz.:

"August 7, 1920. To my children: I am writing this to beg each one of you to try and carry out what you will know to be my wishes in case

I shall be called suddenly before a formal will can be made. After all notes are paid there will remain $100,000 (one hundred thousand) to be divided among the three children, Mary S. Baskerville, William B. Snow and Adelaide S. Boylston. The following legacies are to be deducted from total before the division into three is made $1,000 (one thousand dollars) to each of my grandchildren, Charles Baskerville, Jr., Elizabeth McC. Baskerville, Adelaide S. Boylston, Jr., William B. Snow, Jr., and Jno. Kendall Snow; $100.00 (one hundred) to Delia Hartsfield; $25.00 (twenty-five dollars) to Berline Flagg.

"The Boylan Avenue home place I now hold at $40,000—if not sold before this comes into your hands, it is to be a home for Adelaide and her daughter till such time as a smaller place can be provided and the old home place sold for division.

"To Charles Baskerville, Jr., an old family ladle and spoons; to Elizabeth B., the silver sugar bowl and cream pitcher made from my baby cup given me by my grand-father Boylan; to Adelaide S. Boylston, Jr., portrait of her great-great aunt, Annie Lawrence.

"To William B. Snow, Jr., the old silver can of his great-great grand-father, William Boylan; to John K. Snow, my gold double-case watch"; should be considered and become the last will and testament of the said Elizabeth McC. Snow, deceased, and declared binding in every particular upon the parties to said action, to wit: William B. Snow, Adelaide S. Boylston and Mary S. Baskerville, the son and daughters respectively of the said Mrs. Elizabeth McC. Snow, and that the estate of the said testatrix should be settled and divided according to the provisions thereof, although the said paper-writing was not signed by said testatrix, and the said parties having thereupon further agreed and consented that a jury trial be waived, and that the said paper-writing should be construed by his Honor, C. C. Lyon, judge presiding, and the contentions of the parties having been fully stated and argued by counsel, and the court having fully heard and considered same:

It is thereupon ordered, adjudged, and decreed by the court that the said paper-writing hereinbefore set out be and the same is hereby declared effective as the last will and testament of Elizabeth McC. Snow, deceased, and binding upon the parties thereto, and that said estate shall be divided and distributed according to its terms and provisions, and that the true intent and meaning of the same is that after the payment of the pecuniary legacies of one thousand dollars to each of the grandchildren of said Mrs. Elizabeth McC. Snow, to wit: Charles Baskerville, Jr., Elizabeth McC. Baskerville, Adelaide S. Boylston, Jr., William B. Snow, Jr., and John Kendall Snow, and the payment of one hundred dollars to Delia Hartsfield, and twenty-five dollars to Berline Flagg, the residue of said estate, both realty and personal

property, after the payment of all debts of the estate and cost of administration, is to be equally divided among the three children of the said Mrs. Elizabeth McC. Snow, to wit: Mary S. Baskerville, William B. Snow and Adelaide S. Boylston, one-third part each, and that the Boylan Avenue home place was to be occupied as a home by the said Adelaide S. Boylston and her daughter until such time as the debts due the estate could be collected and the notes and other indebtedness of the estate could be paid and the said Adelaide S. Boylston thereby enabled to provide for herself a smaller place from and out of her one-third part of the real estate and personal property, and that at such time, the Boylan Avenue home place was to be sold for an equal division among the said three children, in the proportion of one-third each; and it being admitted by the administrators of the said estate, parties thereto, that all notes and debts of the said estate have been long since paid, and more than twelve months, to wit: Fifteen months having elapsed since the qualification of the said administrators and since the publication of notice to creditors, and there being no reason for the further administration of said estate, and the devisees and legatees under the said last will and testament being entitled by law to have a division of the real estate and a payment of legacies and distribution of the personal property of said estate in accordance with the provisions of said last will and testament, as hereinbefore declared and defined, it is further ordered, adjudged, and decreed that the said William B. Snow and Adelaide S. Boylston, administrators of the estate of Mrs. Elizabeth McC. Snow, proceed at once to convert into money a sufficiency of the stocks belonging to the personal estate of the said Mrs. Elizabeth McC. Snow to pay the said pecuniary legacies in full to the legatees of age, and those not of age to their guardians, and deliver the specific bequeaths of personal property mentioned in the said will, and divide and distribute and deliver to Mary S. Baskerville, William B. Snow, and Adelaide S. Boylston a one-third part each of the residue of the personal property of said estate, mentioned and described in the petition and complaint herein, the same to be appraised and valued by a competent appraiser or appraisers and divided according to value, and file with the clerk of the Superior Court of Wake County a final account of the said administration.

And it is further ordered, adjudged and decreed that the petitioners and plaintiff, William B. Snow, is the owner and entitled to the possession of an undivided one-third interest and estate in fee simple in the real estate mentioned and described in the petition and complaint herein, and that the defendant, Adelaide S. Boylston, is the owner and entitled to the possession of an undivided one-third interest and estate in fee simple in the real estate mentioned and described in the complaint

herein, and that the defendant, Mary S. Baskerville, is the owner and entitled to the possession of an undivided one-third interest and estate in fee simple in the real estate mentioned and described in the petition and complaint herein, and that all of the said real estate except the Boylan Avenue home place shall be divided equally between the said William B. Snow, Mary S. Baskerville and Adelaide S. Boylston; and that Gavin Dortch and D. F. Fort, Jr., and Daniel Allen are hereby appointed commissioners of this court to make a division of the real estate among the three several devisees and heirs at law above mentioned, the said division to be made into equal shares in point of value as near as possible, and to charge the more valuable dividends with such sums of money as they may think necessary to be paid to the dividends of inferior value, in order to make equality of partition, except that the Boylan Avenue home place consisting of the following real estate, to wit:

Three (3) lots situated at the southwest corner of the intersection of Morgan Street and Boylan Avenue, and facing upon Boylan Avenue, upon which is situated the dwelling house and residence of the said Elizabeth McC. Snow, and which said three lots have a frontage of 182.4 feet on Boylan Avenue, bounded on the north by Morgan Street, and on the south by the land of Lynn Wilder.

Three (3) vacant lots adjoining the above mentioned three lots on the west, and fronting upon Morgan Street, as shown upon a map or plat of same surveyed and platted by John B. Bray in March, 1917, filed with the petition and complaint herein, marked Exhibit "A," shall be forthwith sold by the administrators of said estate as provided in the said last will and testament, and to that end the said administrators are hereby directed to have the dwelling house now situated upon said home place, the same being the old Snow residence, removed from its present location to Lot No. 6, on said map or plat by some experienced and competent house-mover, and shall pay the cost and expense of removing, replacing and restoring same out of the assets of said estate, and thereupon shall offer for sale at public auction on the premises to the highest bidder, for cash, remaining vacant lots and said Lot No. 6 with the house thereon, after having duly advertised said sale for 30 days in some daily newspaper published in the city of Raleigh, and convey the lots so sold to the purchasers thereof by good and sufficient deeds, and shall divide the net proceeds of said sale after payment of costs and expenses of the same, and of the removal of the house aforesaid, among the said Mary S. Baskerville, William B. Snow, and Adelaide S. Boylston, one-third each; that in the advertisement and sale of the home place the map or plat of same made by John B. Bray, and hereinbefore mentioned and attached to the petition and complaint herein, shall be used and followed with such change as to alleyways as

may be deemed wise and advantageous, and Lot No. 4 shall be included in the areas of lots Nos. 1, 2, and 3 so as to give sufficient depth to those three lots to make it possible to conform any buildings to be hereafter erected thereon to the house lines of adjoining residence, and make said lots of greater value residential property; and it appearing to the court that all debts due the estate of Mrs. Elizabeth McC. Snow has been collected, and all notes and other indebtedness of the said estate has been paid or provided for by ample cash in the hands of the said administrators on 1 August, 1922, and that at that time the said Adelaide S. Boylston could have provided for herself a smaller dwelling-house than the Snow home place from and out of her one-third part of the real estate and personal property, either by occupying one of the four dwelling houses belonging to said estate situated on West Morgan Street, adjoining the Snow home place, or by purchasing or building such smaller dwelling house out of and by means of her one-third share of said estate; it is further ordered and adjudged, that Adelaide S. Boylston shall pay to the estate of Mrs. Elizabeth McC. Snow the reasonable monthly rental value of said Snow home place for each and every month of her occupancy thereof from and after 1 January, 1923, and it is further ordered that the cost of this action be paid by the administrators out of the estate.

For the purpose of carrying out the foregoing provisions of this judgment as to the sale of the real estate, William B. Snow and Adelaide S. Boylston, administrators of the estate of Mrs. Elizabeth McC. Snow, are appointed commissioners with all necessary powers to carry out said provisions and execute all deeds and other papers necessary thereto.                                        C. C. Lyon,
                                                     *Judge Presiding.*


It is chiefly urged for error that the court below failed to rule that the "smaller place" to be provided for Mrs. Adelaide S. Boylston, the appellant, should be paid for out of the estate before settlement and distribution among the legatees and heirs at law of Mrs. Snow the testatrix, but in our opinion the objection cannot be sustained. It is the accepted position in the construction of wills that unless in violation of law the intent of the testator as expressed in the will shall be given effect and in ascertaining this intent the will shall be considered as a whole, giving to each and every part significance and harmonizing apparent inconsistencies where this can be done by a reasonable interpretation. *Pilley v. Sullivan,* 182 N. C., 493; *Goode v. Hearne,* 180 N. C., 475; *Hinson v. Hinson,* 176 N. C., 613; *Freeman v. Freeman,* 141 N. C., 97. And the decisions on the subject further hold that in case of conflict the manifest and leading purpose of the testator shall be allowed to prevail. *Tucker v. Moye,* 115 N. C., 72; *Holman v. Price,* 84 N. C.,

86; *Macon v. Macon,* 75 N. C., 377; *Lassiter v. Wood,* 63 N. C., 360.   In the *Tucker case, supra, Chief Justice Smith* delivering the opinion said: "A leading principle in the interpretation of wills is to recognize the general pervading purpose of the testator, and to subordinate thereto any inconsistent special provisions found in it." And in *Lassiter v. Wood* construing the will there presented, it was said: "It is apparent that the leading purpose of the testator was to make all his children equal.   The purpose of the testator as gathered from the will, is always to be carried out by the Court, and minor considerations when they come in the way must yield.   Especially is this true, when the purpose is in consonance with justice and natural affection."

In the will before us, as established by the findings of the court, the clauses more directly pertinent to the question presented in the exceptions, are as follows:

"After all notes are paid there will remain $100,000 (one hundred thousand) to be divided among the three children, Mary S. Baskerville, William B. Snow and Adelaide S. Boylston.   The following legacies are to be deducted from total before the division into three is made $1,000 (one thousand dollars) to each of my grandchildren, Charles Baskerville, Jr.; Elizabeth McC. Baskerville, Adelaide S. Boylston, Jr., William B. Snow, Jr., and John Kendall Snow; $100 (one hundred) to Delia Hartsfield; $25.00 (twenty-five dollars) to Berline Flagg.   The Boylan Avenue home place I now hold at $40,000— if not sold before this comes into your hands, it is to be a home for Adelaide and her daughter till such time as a smaller place can be provided and the old home place sold for division."   Then follows certain minor specific legacies to the grandchildren of the testatrix in no way affecting the interpretation.   Considering these provisions as a whole, it is clear that after payment of the pecuniary legacies, the manifest intent of the testatrix is that there should be an equal division of the property among her three children, and to hold that the estate should be first charged with the cost of a home for appellant would not only be in violation of the pervading purpose of the will, but would also require the addition of words that do not now appear therein.   Under the authorities cited therefore, and the principle they approve, and illustrate, his Honor has correctly ruled that the cost of the home for appellant is not a proper charge against the estate.   It is further contended for appellant that his Honor erred in holding that she is to be charged with the rents of the old home place from 1 January, 1923.   The position being, as we understand it, that by correct construction of the will, appellant is entitled to occupy the old home place free of rent until another is provided and in any event for not less than two years from the time of the qualification of the administrators in July, 1921.   We are of opinion, however, that in the clause applicable it was the purpose

and intent of the testatrix that her daughter should have a right to occupy the old home free of rent for a reasonable time after the death of said testatrix, having regard to the circumstances presented, the condition of the estate and the time required for its proper settlement, thus affording the daughter a home until from her share of the estate she should be in a position to procure a smaller home for herself. It is not the intent or meaning of our statutes on the subject, C. S., 150, that executors or administrators are allowed absolutely two years in which to settle an estate, the provision is that unless for good reason further time is allowed, these officers shall account and settle immediately after the expiration of two years, and both by the decisions and express statutory provisions on the subject if the estate is so far advanced as to justify it administrators and executors may be called on to account and pay over within the two years period. *Caviness v. Fidelity Co.,* 140 N. C., 58; *Allen v. Royster,* 107 N. C., 278; *Godwin v. Watford,* 107 N. C., 168; *Clements v. Rogers,* 91 N. C., 63; C. S., 156. It appearing from the record and the findings of facts that the debts of the estate have been all paid except the Federal and State inheritance taxes and $20.00 fees due the clerk, that ample funds are in hands to meet these obligations and that the said estate is now ready for distribution—that appellant has been allowed to occupy and control the old home place free of rent for 18 months from the death of her mother and the qualification of her executors, we think the ruling of his Honor in accord with the law and right of the case and that the objection must be disallowed.

On careful perusal of the entire record we are of opinion that the decree of the Superior Court has been entered in accordance with the law applicable and that the rights and interest of all the parties have been carefully protected and provided for, and the same is

Affirmed.