J. C. SPARKS v. JOHN SPARKS AND WIFE.

(Filed 7 December, 1927.)

1. **Deeds and Conveyances—Conditions—Conditions Precedent—Issues.**

A grantor in a deed having a condition precedent, in an action to recover land for condition broken has the right to have the issue of rents and profits submitted to the jury, when there is evidence thereof.

**2. Appeal and Error—Harmless Error—Instructions.**

    A party cannot take advantage of an error committed in his favor.

**3. Same.**

    . An instruction of the lower court will not be held for error unless it is made to appear that a different verdict might have been rendered.

APPEAL by defendants from *Moore, J.,* at July Term, 1927, of YAN-CEY. Modified and affirmed. The verdict was as follows:

1. Did the plaintiff execute deed as alleged in the complaint and admitted in the answer? Answer: Yes.

2. Has the defendant complied with the conditions named in said deed? Answer: No.

3. Is the defendant in the unlawful and wrongful possession of the lands mentioned in said deed? Answer: Yes.

*R. W. Wilson and Watson, Hudgins, Watson & Fouts for plaintiff.*
. *Charles Hutchins for defendant.*

PER CURIAM. On 11 August, 1926, the plaintiff executed and delivered to the defendants a deed for 50 acres of land. At that time the plaintiff, father of the defendant John Sparks, was seventy-nine years of age. In the premises of the deed is this clause: "Witnesseth: That the said J. C. Sparks for and in consideration of the love and affection he has for his son, John H. Sparks, and for the further consideration, which consideration is a condition precedent to the ultimate vesting of the title to the lands hereinafter conveyed and a condition running with this deed as long as the said J. C. Sparks may live, that the said parties of the second part shall fully and amply care for the said J. C. Sparks during his old age and as long as he shall live by feeding, clothing, providing fuel, and nursing him in sickness, and fully and amply caring for him in sickness and in health during his life time, has given, granted, bargained, sold and conveyed, etc."

We find no error for which the verdict should be set aside. By the terms of the deed the support of the plaintiff is a condition precedent to the ultimate vesting of the title. *Nunnery v. Carter,* 58 N. C., 370; *Lefler v. Rowland,* 62 N. C., 143. The reference to the "evidence of the plaintiff in his contentions," if error, could hardly have misled the jury in view of the specific instructions that the burden was on the plaintiff to show by the greater weight of the evidence that the conditions set forth in the deed had not been complied with and that he was entitled to have the issues answered in his favor. The later instruction as to the degree of proof was an error against the plaintiff, of which the defendant cannot take advantage.

There is error, however, in the judgment. Neither of the issues has any reference to the rents or to the amount received from the sale of the telephone poles, and we find no evidence of the defendants' consent to this part of the judgment. In fact they excepted. The plaintiff is not precluded from having proper issues submitted to the jury for the determination of these questions. The judgment is thus

Modified and affirmed.