## HAYES v. FRANKLIN.

(Filed May 25, 1906).

*Religious Societies—Trusts—Construction—Lease of Property—Injunctions.*

1. Where land was conveyed to the officers and members of a church for the purpose of keeping and maintaining a church for worship and all privileges and appurtenances thereto belonging, the court will not restrain the officers of the church from leasing a small portion of the lot for a term of years for erecting a store, the rent payable to said officers, on the ground that the officers are committing a breach of trust and acting contrary to the terms of the deed.

2. A specific trust will not be superimposed upon a title conveyed to a religious congregation, authorizing the courts to interfere and control their management and disposition of the property, unless this is the clear intent of the grantor expressed in language which should be construed as imperative.

ACTION by J. Taylor Hayes against James Franklin and others, heard by *Judge O. H. Allen* and a jury, at the Fall Term, 1905, of the Superior Court of CALDWELL.

The plaintiff alleged and offered evidence tending to show that on December 29, 1904, plaintiff conveyed to the officers and members of Wilson Creek Baptist Church, in Caldwell County, N. C., and their successors, one-half acre of land, more or less, with definite description, the deed containing the following: "To have and to hold the aforesaid tract for the purpose of keeping and maintaining a church for worship and all privileges and appurtenances thereto belonging, to the said officers and members of Wilson Creek Baptist Church, their successors and assigns and their only use and behoof." That on June 17, the grantees in this deed, the officers and trustees of said church, pursuant to a determination of the congregation in a business meeting, had drawn up and are

about to deliver to L. H. and S. E. Weld, two of the defendants, a lease of a small portion of this lot for the term of five years for the purpose of erecting a store, the rent payable in advance by monthly payments to the officers of said church.

In said lease appears the following covenant: "The said parties of the second part (the Welds) doth agree to conduct and carry on their mercantile business in such a manner as not to bring reproach upon said church; and further agree to close their store during church services on Saturday and never open it on Sunday except in case of sickness, and then, only long enough to deliver medicine to the parties," etc.

Plaintiff, being a member in good standing in Wilson Creek Church, instituted this action, seeking to restrain the defendants from carrying out the terms of said lease, contending that same was in violation of the terms of the deed under and by virtue of which defendants held the property.

At the trial, plaintiff tendered the following issues and asked that same be submitted to the jury: 1. "Would the erection of the building on the church lot as described in the complaint, tend to render said church and lot less convenient and desirable as a place of public worship?" 2. "Was the said lease of the premises, or a part thereof, contrary to the purpose and intent of the donor at the time of the execution of the deed?" The court declined to submit these issues and plaintiff excepted. On an intimation from the court that plaintiff was not entitled to the relief demanded, plaintiff excepted, submitted to a nonsuit and appealed.

*Edmund Jones* for the plaintiff.

*Lawrence Wakefield, W. C. Newland* and *Bower & Huf-ham* for the defendants.

HOKE, J., after stating the case: Plaintiff does not claim in this suit the right to re-enter on the land as grantor in the deed, by reason of condition broken; the authorities cited

by defendant on that point, therefore, while seemingly con-
clusive, are not apposite to any question presented in this ap-
peal. Nor is there any issue asked or evidence offered tend-
ing to show that the defendants, officers and trustees, have
acted or proposed to act contrary to the rules and usages of
the church. Nor is it alleged or suggested that the funds
will not be applied to church purposes or expended for the
church's benefit. The plaintiff rests his right to relief on
the position that the officers of the church, in making the
lease, are committing a breach of trust and acting contrary to
the terms of the deed, which, according to the plaintiff's con-
struction, require that the property should be used only for
purposes of religious worship.

The court is referred to numerous authorities to the effect
that according to the provisions of the deed the land con-
veyed is trust property. There is no doubt about this being a
correct position in the sense that the same is held for the use
and benefit of the congregation named in the deed. The
real question here is not whether the property conveyed is
held in trust for the church—that is admitted by both par-
ties—but whether the trust is so defined and determined by
the terms of the deed that the making of the lease complained
of, contravenes its controlling purpose, and to the extent that
a court of equity will interfere to right the wrong and put
the trustees in the proper way. On this question the court
is of opinion that the judge below gave a correct intimation
and that the plaintiff is not entitled to the relief sought.

It is the general rule that courts will not interfere in cases
of this character unless there is substantial abuse or misuse
of the funds, which amounts to a perversion of the charity.
Perry on Trusts, sec. 733. And in *St. James Parrish v.
Bagley,* 138 N. C., 384, we have recently declared the general
principle to be, that a specific trust will not be superimposed
upon a title conveyed to a religious congregation, authoriz-
ing the courts to interfere and control their management and

disposition of the property, unless this is the clear intent of the grantor expressed in language which should be construed as imperative. And, further, that such a trust is not to be lightly imposed upon mere words of recommendation and confidence or which simply declare the motive for making the deed, citing with approval Pomeroy's Eq., secs. 1015 and 1016, which supports the doctrine as stated.

While the facts of that case do not permit that it should be considered as an authority necessarily controlling in the one before us, the general principles announced and maintained in the opinion are against the position of the plaintiff on the facts as now presented. We hold that the language of the deed does not permit or justify the court in restraining action under the proposed lease, or otherwise interfering with the defendant's management and control of the property.

There is

No Error.