MARY M. WALDROOP v. LARRY S. WALDROOP et al.

(Filed 2 June, 1920.)

1. **Superior Courts—Clerks of Court—Appeal—Estates—Contingent Interests—Statutes—Jurisdiction.**

Where proceedings for the sale of lands affected with contingent interests have been commenced before the clerk and transferred to the Superior Court in term, it is of the same effect if the proceedings had been com-

menced in the Superior Court, when the statute relating to such sales has been complied with in all respects, and in proper instances, it has the jurisdiction to order the sale of the land for reinvestment.

**2. Wills—Intent—Trusts.**

The intent of the donor as gathered from the entire written instrument will control its interpretation as to the creation of a trust, without the use of peculiar or exact declarations, as "upon trust" or "trustee," etc., if such intent is otherwise sufficiently evident.

**3. Same—Instructions—Education of Children.**

After making two small bequests in money to be paid out of the "proceeds" of his estate, a testator devised and bequeathed all of the remainder of his property "real, personal and mixed" to his wife until the youngest child shall become of age, then to be equally divided between her and her children of his marriage, coupled with an instruction to give each of the children an equal education fitted to their station in life, with further provision for the payment of his debts and "whatever is left of my estate to be disposed of as aforesaid." The condition of the testator's estate, the expressions he used in his will, as to the "proceeds," "whatever is left of my estate," etc., and his evident knowledge of the character of his property, together with his direct instruction as to the education of his children, sufficiently evidenced his intent that it be held in trust subject to carrying out his instructions, and an order for the sale of his land for that purpose, under the necessity of the case, by the Superior Court, is affirmed, with the exception that a sufficient amount be withheld from the proceeds "for the education of the minor children."

APPEAL by defendants from *Ray, J.,* at the November Term, 1919, of MACON.

This is a proceeding commenced before the clerk and transferred to the Superior Court in term for the purpose of having certain lands devised in the will of W. H. Waldroop sold, and a part of the proceeds applied to the education of his children.

The widow of W. H. Waldroop is the petitioner, and all of his children are defendants, those under 21 years of age being represented by a guardian *ad litem.*

The will is as follows: "I, W. H. Waldroop, being of sound mind but feeble body, do make this my last will and testament:

"1. To my sons, Larry S. Waldroop and W. H. Waldroop, Jr., I give and bequeath the sum of one hundred and fifty dollars each to be paid them by my executor out of the proceeds of my estate.

"2. All the remainder of my property, real, personal, and mixed, I will and bequeath to my wife, Mary M. Waldroop, to have and to hold till my youngest child is of age, then to be divided equally between her and her children by me living at the time, and I instruct her hereby to give each of them an equal education fitted to their station in life.

"3. I desire my executor to see that all of my just debts are paid, and whatever is left of my estate to be disposed of as aforesaid.

"I hereby nominate and appoint my wife, Mary M. Waldroop, my executor without bond."

It is alleged in the petition that the petitioner has no sufficient money to maintain and educate the infant children, and this is admitted in the answer, but the defendants contend that the court has no authority to order a sale of the land, or to direct a part of the proceeds of sale to be set apart for the education of the children.

Judgment was entered ordering the land to be sold and that out of the proceeds a sufficient amount be withheld for the education of the minor children, and the defendants excepted and appealed.

*Jones & Jones* for petitioner.
*A. W. Horn* for guardian ad litem.

ALLEN, J. `This proceeding is, in one respect, peculiar in that the plaintiff is seeking to have a trust impressed upon property which she owns in fee until the youngest child becomes 21 years of age, and thereafter at least a one-fourth interest therein in favor of the defendants, who resist the declaration and enforcement of the trust, but this results from the fact that the defendants are infants and own an interest in the land, and the careful and conscientious attorney, who represents them, felt it was his duty to submit the question to the court.

The proceeding began before the clerk, but when it was transferred to the Superior Court in term, it was as if commenced there (*Roseman v. Roseman,* 127 N. C., 494), and the court had jurisdiction to order a sale of the property for reinvestment, as all who could by any possibility have an interest in the land were parties. *Springs v. Scott,* 132 N. C., 548.

Can the court go further and direct that a part of the proceeds of sale be set apart for the education of the infant children of the testator?

The answer of this question requires an examination and construction of the clause instructing the executrix to provide for educating the children.

"It must be conceded that it is not necessary for the valid declaration of a trust that any peculiar language be used" (*St. James v. Bagley,* 138 N. C., 398). "The intent is what the court looks to." *Blackburn v. Blackburn,* 109 N. C., 488.

"No technical language, however, is necessary in the creation of a trust, either by deed or will. It is not necessary to use the words 'upon trust' or 'trustee,' if the creation of a trust is otherwise sufficiently evident. If it appears to be the intention of the parties from the whole instrument creating it that the property is to be held or dealt with for the benefit of another, a court of equity will affix to it the character of

a trust, and impose corresponding duties upon the party receiving the title if it is capable of lawful enforcement." *Colton v. Colton,* 127 U. S., 310.

"It is sufficient if the language used shows the intention to create a trust, clearly points out the property, the disposition to be made of it, and the beneficiary. *Witherington v. Herring,* 140 N. C., 497." *Laws v. Christmas,* 178 N. C., 362.

It is true there must be certainty in the declaration of a trust, but provisions have been held to be enforcible "for the support of the child" (*Witherington v. Herring,* 140 N. C., 496), for "my maintenance" (*Bailey v. Bailey,* 172 N. C., 672), "used for the education of my children" (*Laws v. Christmas,* 178 N. C., 360), which are not more certain than the language used by the testator in the will now before us, and, "Giving a trust in discretion as to the method of carrying out a definite purpose does not render the trust void, and if the trustee refuses altogether to exercise the discretion with which he is invested the trust must not on that account be defeated. The real test is whether the language is imperative, or leaves the use and disposition of the property to the discretion of the donee." 26 R. C. L., 1184.

We have then the property affected "all the remainder of my property," and the beneficiaries, the children, clearly defined, and the purpose sufficiently certain, and the language of the testator, not merely expressive of his wish or desire, but imperative, "instruct" according to Webster and the contrary meaning, in addition to imparting knowledge or information, to command, to order, to direct, but notwithstanding these conditions, which would justify the declaration of a trust, we must look at the whole will of the testator, because, as said in Perry on Trusts, vol. 1 (6 ed.), sec. 114: "Every case must depend upon the construction of the particular will under consideration. The point really to be determined in all these cases is whether, looking at the whole context of the will, the testator intended to impose an obligation on his legatee to carry his wishes into effect, or whether, having expressed his wishes, he intended to leave it to the legatee to act on them or not at his discretion."

In the first item he gives $150 each to two sons to be paid "out of the proceeds" of his estate. In the second he gives all the remainder of his property to his wife until the youngest child becomes 21, thus covering the period for their education, and instructs her to educate her children, and this charge or burden on the estate being satisfied, he then makes equal division between his wife and the children then living.

In the third item he provides for the payment of his debts and directs that "whatever is left of my estate to be disposed of as aforesaid."

The testator knew the condition of his estate, and that without a sale

of the land that his family could not be supported or his children educated, and therefore he speaks of "proceeds of my estate," "whatever is left," and after commanding that his children be educated in item 2, he directs in item 3 that what is left be "disposed of as aforesaid," showing that he still had in mind the gift to his wife with instructions to educate the children.

The change in the ownership of the property is significant. He gives all of it to his wife until the period for educating the children has passed, and then divides it equally between the mother and the children, indicating a purpose to put it in the power of the mother to provide for education, and then commanding her to do so. We cannot say the intent of the testator is clear, but when the language of the instruction is considered in connection with the whole will, and the circumstances surrounding the testator, we are of opinion the property is charged with the education of the children, but we do not approve of that part of the order directing that "out of the proceeds of said sale a sufficient amount be withheld for the education of the minor children."

Let this be stricken out, and, as thus modified, the order is affirmed.

The cause will be retained in the Superior Court with leave to apply from time to time upon notice for the allowance of such sums as may be required for education.

Modified and affirmed.