R. N. PAGE, H. E. GIBBONS, AND H. A. PAGE, TRUSTEES FOR THE ROCKING-
HAM DISTRICT, METHODIST EPISCOPAL CHURCH, SOUTH, v. L. S. COV-
INGTON.

(Filed 23 April, 1924.)

**Deeds and Conveyances—Charitable Gifts—Intent—Power of Sale—Re-
ligion.**

A deed to a house and lot to the trustees of a certain district of a
religious denomination, to be used as a home for the ministers of that
denomination in the district, with *habendum* that it be held, kept, main-
tained and disposed of as such place of residence, will be construed as a
whole to effectuate the beneficent intent of the grantor, and the use of the
words "disposed of" in the *habendum* was consistent with the purposes
expressed in the conveyancing clause, and the trustees named, and their
successors, may sell the ·whole as well as a part thereof and hold and
apply the proceeds for the expressed purposes of the gift.

APPEAL by plaintiff from *Shaw, J.,* at March Term, 1924, of RICH-
MOND.

Civil action. Controversy without action. Agreed case is as follows:

1. That R. N. Page, H. E. Gibbons and H. A. Page are trustees for
the Rockingham District Methodist Episcopal Church, South, and are
the successors in office of J. S. Oliver, B. Stansel, L. P. Bird, W. H.
Neal, H. D. Gibson, H. S. Ledbetter, and H. C. Wall, who are the
grantees in a deed from Ann C. Leak and H. C. Wall and wife, Fannie
L. Wall, dated 1 January, 1895, and which is registered in the office
of the register of·deeds for Richmond County in Book FFF, at page 48.

2. That on 1 January, 1895, Mrs. Ann C. Leak, H. C. Wall and
wife, Fannie L. Wall, sold and conveyed a lot in the town of. Rocking-
ham to the parties named in said deed, as trustees for the Rockingham
District of the Methodist Episcopal Church, South, which said deed is
in the following words:

NORTH CAROLINA—Rockingham County.

This indenture, entered into this 1 January, A. D. 1895, by and
between Ann C. Leak, H. C. Wall and wife, Fannie L. Wall, parties of
the first part, and J. S. Oliver, B. Stansel, L. P. Bird, W. H. Neal,
H. D. Gibson, H. S. Ledbetter and H. C. Wall, trustees for the Rocking-
ham District, Methodist Episcopal Church, South, and their successors
in office, parties of the second part.

Witnesseth: That the parties of the first part (H. C. Wall and wife
being parties to and joining in this conveyance in order to make a
complete legal conveyance), for and in consideration of the erection by
said Rockingham District of a dwelling-house on the lot hereinafter
described, to be used as a home for such ministers of the church afore-
said as may be from time to time duly appointed and sent to said Rock-

ingham District, as well as the further consideration of the sum of $10 to them paid by the parties of the second part, the payment and receipt of which is fully admitted, have bargained, given, granted and sold, and by these presents hereby give, grant and convey unto the said parties of the second part and their successors in office a lot or parcel of land in the town of Rockingham, N. C., more particularly described as follows:

Beginning at a stake in the south edge of Washington street, southeast corner of Z. F. Long's residence lot, and runs with Washington Street north 79 east 1.68 chains to a stake; thence north 12 west parallel to Z. F. Long's line 6.32 chains to a stake; thence south 79 west parallel to Washington Street 1.58 chains to a stake in Z. F. Long's line; thence south 12 east with this line south 6.32 chains to the beginning, containing one acre, more or less.

To have and to hold the above described lot or parcel of land unto them, the said J. S. Oliver, B. Stansel, L. P. Bird, W. H. Neal, H. D. Gibson, H. S. Ledbetter and H. C. Wall, trustees for the Rockingham District of the North Carolina Conference of the M. E. Church, South, and their successors in office, in trust that the said premises shall be held, kept, maintained and disposed of as a place of the residence for the use and occupancy of the preachers of the Methodist Episcopal Church, South, who from time to time be appointed in said place, subject to the use and discipline of said church as from time to time authorized and declared by the general conference of said church and the annual conference within whose bounds the said premises are situate.

In witness all of which the said parties of the first part have hereto set their hands and affixed their seals, the day and date first above written.

ANN C. LEAK.  (Seal.)

H. C. WALL.  (Seal.)

F. L. WALL.  (Seal.)

3. That the defendant has agreed to purchase the northern half of said lot from the plaintiffs, provided a good and indefeasible deed, in fee simple, and with the usual covenants of warranty, can be made, upon a price agreed upon between the plaintiffs and defendant.

4. The plaintiffs have agreed to convey said lot to the defendant, and have tendered a deed with the usual covenants of warranty, conveying an absolute title in fee simple to the defendant, but the defendant declines to accept said deed for the reason that the plaintiffs cannot convey a fee-simple title under the terms of the deed from Ann C. Leak and H. C. Wall and wife to J. S. Oliver and others, trustees for the Rockingham District, Methodist Episcopal Church, South, and which is dated 1 January, 1895.

5. That the only point of contention between the plaintiffs and the defendant is one of law as to whether or not, upon the facts hereby agreed to, the plaintiffs, as trustees of the Rockingham District of the Methodist Episcopal Church, South, are the owners in fee simple of the lands described in said deed and which they propose to convey to the defendant.

That all the rules and regulations required by the discipline of said church have been complied with, and the action was taken for the sale of said property by order of the District Conference of the Rockingham District, being the district conference having jurisdiction of the property.

That the trustees propose to use the funds derived from the sale of the said property for the benefit of the said district parsonage, either remodeling and improving the present parsonage situate on another part of the property, or in the purchase of a lot and building another building for the same purpose at some other location, this to be done by the trustees of said district as provided for by the discipline, to be held as a place of residence for the use and occupancy of the preachers of the Methodist Episcopal Church, South.

The court below rendered the following judgment:

"This cause coming on to be heard before his Honor, Thos. J. Shaw, judge presiding, at the March term of this court upon the facts set forth in the 'agreed case' herein, and it appearing to the court that it is the intention of the plaintiffs in this action as trustees to sell and convey the lot as described in the agreed case, and which is a part of the lot referred to in the deed from Mrs. Ann C. Leak et al. to J. S. Oliver et al., trustees, as appears in the agreed case, and the proceeds derived from said sale will be used by the trustees of said Rockingham District in improving and remodeling the building used as a parsonage on a part of said lot or in the purchase of another lot on which will be erected another building for the same purpose; and the court being of the opinion that the plaintiffs as trustees have the right to sell and convey said lot to the defendant in fee simple:

"It is, therefore, on motion, ordered, adjudged and decreed that the plaintiffs as trustees have full power, right, and authority to convey said land described in the case agreed to the defendant by warranty deed in fee simple, and upon payment by defendant of the amount agreed upon, the plaintiffs, as trustees, are authorized, instructed and empowered to deliver said deed to the said defendant, and upon such delivery the defendant will own said lot in fee simple."

The defendant excepted to the judgment and assigned error, and appealed to the Supreme Court.

PAGE *v.* COVINGTON.

*Nash & Morgan for plaintiffs.*
*Bynum & Henry for defendant.*

CLARKSON, J.  It will be noted that the trust in the *habendum* clause of the deed is as follows: *"That the said premises shall be held, kept, maintained and disposed of* as a place of the residence for the use and occupancy of the preachers," etc.  We must gather the intention of the good people who made the praiseworthy gift from the entire instrument. We think a fair and just interpretation is that the land should be "held, kept and maintained as a place of the residence," etc., and when "disposed of" the fund should be reinvested and used according to the clear terms of the deed, "as a place of the residence for the use and occupancy of the preachers of the Methodist Episcopal Church, South," etc.

The intention of the grantors is shown by the words used—"disposed of."  We cannot nullify these plain words, they are used in the deed. What is the meaning of *disposed of?*

Webster defines *disposed of* as follows: "To exercise finally one's power of control over; to pass over into the control of some one else, as by selling; to alienate; to part with; to relinquish; to get rid of; as, to dispose of a house; to dispose of one's time."

9 Am. & Eng. Enc., p. 540, says: "To *dispose of* means to determine the fate of; to exercise the power of control over; to fix the condition, application, employment, etc.; to direct or assign for a use.  To *dispose of* means to alienate; to effectually transfer."

"To dispose of means to part with, to relinquish, to get rid of, to alienate, to effectually transfer."  *Connely v. Putnam,* 51 Tex. Civ. App., 233.

"The definitions, that to 'dispose of' property is to alienate it, assign it to a use, bestow it, direct its ownership, and that it is to part with, to sell, to alienate, embrace both the popular and legal significance of the word, when used in an attachment law in connection with property."  *Pearre v. Hawkins,* 62 Tex., 434, 437.

*"Dispose,* in the sense in which it is used in the Constitution of the State of New York, means 'to part with to another'; 'to put into another power and control,' or 'to give away or transfer by authority.'"  *Newcomb v. Newcomb,* 12 N. Y., 603, 620; Words and Phrases, vol. 2 (2 ed. series), p. 80.

It will be noted that only a part of the lot in this controversy is sought to be sold.  We think the definition of "disposed of" herein declared applies not only to the part in controversy but to the entire property. The proceeds must be held and invested in accordance with the terms of the trust set forth in the deed.  We think the judgment in regard to this carries out in good faith the reasonable and righteous purposes

of the trust. "And the proceeds derived from said sale will be used by the trustees of said Rockingham district in improving or remodeling the building used as a parsonage on a part of said lot or in the purchase of another lot on which will be erected another building for the same purpose."

The words in the "witnesseth" clause of the deed, "to be used as a home for such ministers of the church," etc., do not restrict or limit the words *disposed of* in the *habendum* clause of the deed. We think from the whole deed the intention clear and the right to *dispose of* the property given the trustees.

From the words used, "disposed of," in the deed we think it unnecessary to discuss the cases dealing with trusts of this kind, and the power of disposition and cases cited and discussed by both sides on the argument of this case and in the briefs. We refer to them: *St. James v. Bagley,* 138 N. C., 384; *Hayes v. Franklin,* 141 N. C., 599; *Church v. Bragaw,* 144 N. C., 126; *Church v. Ange,* 161 N. C., 314; *College v. Riddle,* 165 N. C., 211.

We can see no error in the judgment of the court below.

Affirmed.