LILLIEBELLE E. BRINN, EXECUTRIX OF J. T. BRINN, AND LILLIEBELLE E. BRINN IN HER OWN RIGHT, v. T. P. BRINN AND WIFE, MARY G. BRINN, JACK BRINN, ROBERT BRINN, AND ONEIDA HOOKS AND HUSBAND, J. R. HOOKS.

(Filed 23 March, 1938.)

1. **Wills §§ 33a, 33d—Words of request, desire, etc., addressed to devisee will not create trust unless it clearly appears testator so intended.**

   Where the testator, after bequeathing or devising property to a person, expresses a wish or desire as to its use or disposition, such expression will not be construed to create a trust in the legatee or devisee unless it clearly appears from the instrument as a whole that testator so intended, since the devise or bequest will be deemed absolute in the absence of a

clearly expressed intention to convey an estate of less dignity, C. S., 4162, but precatory words will create a trust when it appears from the instrument as a whole that the testator so intended, provided testator has pointed out with sufficient clearness and certainty both the subject matter and objects of the intended trust.

2. **Same—Words of recommendation or request, when used in direct reference to estate, are prima facie testamentary and imperative.**

   Words of recommendation, request, or desire that a particular disposition be made of the property by the legatee in a limited gift or bequest are *prima facie* testamentary and imperative and not precatory when used in direct reference to the estate, and will be held to create a trust when used so as to exclude all option or discretion in the legatee as to whether he should act in accordance with them, and the subject matter and objects of the intended trust are expressed with sufficient definiteness, and this is particularly true when those in whose behalf the requests are made are the natural objects of testator's bounty, and no other disposition is made of the remainder of the estate after the limited estate.

3. **Same—Request for disposition of estate, addressed to sole legatee and devisee, held to create trust under language of this will.**

   Testator bequeathed and devised all his property, both real and personal, to his wife so long as she remained testator's widow, with provision for distribution in the event of her remarriage, and provided that during widowhood she should "handle" the estate as she chose with "requests" that whenever she saw fit she should make equal distribution among their four children, taking into account advancements in specified amounts made to them, that a certain sum be invested and the proceeds therefrom paid for the benefit of a designated church for a period of ten years with provision that this "bequest" might be continued in the discretion of the heirs, and that testator's sister be cared for and given a fitting burial at her death, with further provision that should his wife die before fully executing the requests, testator's eldest son should qualify and execute his wishes. *Held:* Construing the will as a whole, it is apparent that testator intended to create a trust, and the subject matter and objects of the trust having been set forth with definiteness and clearness, the will creates a trust estate in the wife during her widowhood for the benefit of herself and children, with power of disposition in the widow solely among the children in accordance with the terms expressed at any time she elects.

APPEAL by the plaintiff and the defendants from *Williams, J.,* at April Term, 1937, of PERQUIMANS. Modified and affirmed.

This is a civil action in the nature of a petition to the court, instituted by the plaintiff, for the purpose of procuring an interpretation of the last will and testament of her testator and for a declaratory judgment adjudicating the rights of the respective parties named in the will. The will, submitted to the court for interpretation, is in the following language:

1. "I, J. T. Brinn, of Perquimans County, Hertford P. O., North Carolina, declare this to be my last will, and revoke any will previously made by me.

2. "After the payment of all my just debts and funeral expenses, I dispose of my estate as follows:

3. "I bequeath to my beloved wife, Lillabelle W. Brinn, my entire real and personal property—as long as she remains my widow—to be handled as she chooses.

4. "In the event of her marriage, it is my will that she retain only one-fifth interest in my estate and that the balance be divided equally among my four children.

5. "In leaving my entire estate to my wife, to be handled as she chooses as long as she remains my widow, I make the following request of her:

(a) "That she deal fairly and equally with our four children.

(b) "That she consider amounts that I have advanced to them (for various purposes) in the following sums—Preston $9,000, Onedia $2,500, Rob Winslow $800.00, Jack $850.00—as amounts due the estate (without interest), and that these amounts be added to what may be otherwise determined as the cash value of my estate, and that each child's part be determined as one-fifth the total—less amount advanced to him or her. That she make such distribution as, or when, she may see fit.

(c) "That, as soon as she can conveniently do so, if, and when the funds are available, invest safely with some insurance company, trust company, or otherwise the sum of twenty thousand dollars, ten thousand dollars for each of the boys, Rob Winslow and Jack, and purchase such amount of 20-year double indemnity, sick benefit, life insurance on the lives of Rob Winslow and Jack as may be determined can be carried from the income from the investment; that in handling this she solicit the services of Chas. Whedbee, if living, and two other persons whom she and my children may select. That this investment be made permanent and fixed—to be carried over the period of twenty years. That the invested capital and value of the insurance to be turned over in equal amounts to Rob Winslow and Jack (or their heirs) at the end of the twenty-year period.

(d) "That one thousand dollars be safely invested and the proceeds from same, for a period of ten years, be turned over as received to the chairman of the board of stewards of the Center Hill Methodist Episcopal Church, South. That this bequest may be continued at the discretion of my heirs.

(e) "That my sister, Mary E. Brinn, if she survives me, shall be cared for, with all the comforts of home, as a member of the family, and given burial at her death in a manner satisfactory to surviving members of the family.

6. "In the event of my wife's death before she may have fully executed my request, I desire that my estate be equally divided between my four children, as hereinbefore specified, and that all my request be carried out and that, in the event of my wife's not having made other arrangements, my son, Preston be made administrator, or executor, with authority to carry out my wishes. That no bond be required of him."

The paragraphs are numbered by the court for convenience of reference.

The court below, after finding certain facts, entered judgment as follows:

"Upon the foregoing findings of fact by the court and admissions contained in the pleadings the court is of the opinion and doth adjudge that, looking at the will as a whole in order to ascertain the intent of the testator, Lilliebelle E. Brinn, wife of said testator, is the holder of a life estate, or estate *durante viduatate,* in and to the real and personal property of the testator, which terminates as to a four-fifths interest therein upon her marriage, and is entitled to the income therefrom, subject to the other provisions of said will, and that upon her remarriage she *'retains'* a life estate in and to one-fifth interest in and to said property and the income from said one-fifth interest; that, while in its usual acceptation the word 'request' is merely precatory and is not, standing alone, sufficient to create a trust, the use of the word in this will at the beginning and in the concluding paragraph clearly indicates it to be the intention of the testator that the estate be impressed with a trust charged with the creation and maintenance of an insurance benefit for the sons, Robert Winslow Brinn and Jack Brinn, as set out therein, and charged with the expense necessary for the care, support, and maintenance of testator's sister, Mary E. Brinn, and her burial expense, and with an investment for ten years for the benefit of the Methodist Church referred to in said will; that in handling said estate 'as she chooses' the said Lilliebelle E. Brinn is a trustee for the purpose of carrying out the provisions of said will, invested with full discretion as to the way and manner in which she may see fit to handle the same, subject to the control of the court from time to time as necessity for effectuating transactions affecting said estate may arise, her compensation as such to be determined by the court; that she has no power or authority to sell and convey any of the property of said estate except subject to the control of the court; that in the event of the remarriage of the said Lilliebelle Brinn she *'retains'* for life a one-fifth interest in said estate and the other four-fifths interest is to be divided equally between the four children named in said will; and that, subject to the charges imposed upon said estate as herein set forth, the said Lilliebelle Brinn is entitled to the income from the whole thereof during widowhood, and to the income

from one-fifth interest thereof in the event of remarriage for the remainder of her life, such one-fifth interest to be equally divided between said children upon her death."

Both the plaintiff and the defendants excepted and appealed.

*Whedbee & Whedbee for plaintiff.*
*Chas. E. Johnson for defendants.*

BARNHILL, J. What is the estate of the widow in the property of the testator? Is such estate as she took impressed with a trust? These are the questions presented to us for determination.

Formerly the rule in England was that whenever property was given, coupled with expressions of "request, desire or recommendation," that the person to whom it is given will use or dispose of the same for the benefit of another, the donee will be considered a trustee for the purpose indicated by the donor. This was so held, even when the language of the gift, unaccompanied by the words of "request," etc., was absolute in its nature. This rule was followed by earlier American decisions. Thus, precatory words were given an arbitrary meaning and force imperative in nature. This doctrine has been modified, both by the English and American courts, so that now in this and other jurisdictions precatory words are interpreted in their usual, ordinary meanings, the force and effect of which are to be determined by consideration of the whole will in ascertaining the real intent of the testator. The old rule that the expression of a wish by a testator, like that of the sovereign, was construed as a command, has been abandoned. The later cases hold that in the absence of a clear indication to the contrary, expressions of wish, desire, etc., are to be taken as used in their commonly accepted sense and are not to be artificially construed by the courts as a trust unless it clearly appears from the consideration of the will as a whole that it was so intended by the testator.

As was said by *Allen, J.,* in *Hardy v. Hardy,* 174 N. C., 505: "Under the early English and American authorities language in a will expressive of the wish or desire of the testator as to the disposition of his property was generally held to raise a trust, or to limit the estate devised, unless a contrary intent was manifest from a consideration of the whole will; but the tendency of modern authority is to reverse this rule, and to hold that precatory words 'are not to be regarded as imperative unless it is plain from the context that the testator so intended them.'" This does not mean that precatory words will not impress a trust upon a devise, but that the force and effect to be given to precatory words is to be determined by a consideration of the will as a whole, and a trust will be imposed when it clearly appears that such was the intent of the testator.

A consideration of the decisions in this jurisdiction discloses that it is now a well-established rule in this State that where an estate is given to a person generally or indefinitely it is construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly indicated by the will, or some part thereof, that the testator intended to convey an estate of less dignity. It is so provided by our statute——C. S., 4162. *Springs v. Springs,* 182 N. C., 484; *Hayes v. Franklin,* 141 N. C., 599; *Carter v. Strickland,* 165 N. C., 69; *Hardy v. Hardy, supra; Barco v. Owens,* 212 N. C., 30; *Peyton v. Smith, ante,* 155. *Carter v. Strickland, supra,* is reported and annotated in Ann. Cases, 1915 D, at p. 416.

Where, however, a limited estate is devised to the first taker, words of recommendation, request, entreaty, wish or expectation addressed to the legatee or devisee will ordinarily make the first taker a trustee for the person or persons in whose favor such expressions are used, provided the testator has pointed out with sufficient clearness and certainty both the subject matter and the objects of the intended trust. Such words of recommendation or request, when used in direct reference to the estate, are held to be *prima facie* testamentary and imperative and not precatory. When accompanying a limited gift or bequest, words of request or desire or recommendation that a particular application be made of such bequest will be deemed to impose a trust upon these conditions: (a) That they are so used to exclude all option or discretion in the party who is to act, as to his acting according to them or not; (b) the subject is certain, and (c) the objects expressed are not too vague or indefinite to be enforced. This is particularly true when those in behalf of whom the requests are made are natural objects of the bounty of the testator and no other disposition of the remainder of the estate after the limited estate is made. *Little v. Bennett,* 58 N. C., 157; *Cook v. Ellington,* 59 N. C., 371; *Russ v. Jones,* 72 N. C., 52; *Young v. Young,* 68 N. C., 309; *Crudup v. Holding,* 118 N. C., 222; *Waldroop v. Waldroop,* 179 N. C., 674; *Jarrell v. Dyer,* 170 N. C., 177; *Laws v. Christmas,* 178 N. C., 359. The subject is fully discussed in *Colton v. Colton,* 127 U. S., 300, 32 U. S. Law Ed., 138.

And so it appears that the old rule has been modified—not abrogated. We still consider the will as a whole, giving "each key its proper tone" to ascertain the real intent of the testator.

Applying these principles of law in the interpretation of the will under consideration it appears: (1) That the gift to the plaintiff was a limited gift—"as long as she remains my widow." It is so limited in both the third and fifth paragraphs. (2) The limited gift is not accompanied by any words conferring the power of disposition. It is "to be handled" by her. "Handled" means to manage and control. It does

not import the power of disposition. (3) Those in behalf of whom "requests" are made are his children, his sister, and his church. (4) The manner in which he requests his estate to be distributed is definite and certain. And (5) provision is made for the execution of the request in the event his widow should die before fully executing the same.

It may also be noted that in subsection (d) of paragraph 5 his request is specifically referred to as a "bequest." It is likewise significant that the disposition of the remainder of his estate by the testator, unless the widow should remarry, is inseparably tied in with the requests contained in the will and that the remainder is to be distributed in accordance with such requests. That this was the intent of the testator would seem to be clear by force of the express language used in the last paragraph: "In the event of my wife's death before she may have fully *executed my request,* I desire that my estate be equally divided between my four children—*as hereinbefore specified, and that all my requests be carried out*—and . . . my son Preston be made administrator or executor with authority to *carry out my wishes."*

It is apparent that this is the interpretation both the widow and the probate court first placed upon the language used in this will. She is not appointed executrix except by implication, yet she tendered the will to the probate court for the purpose of qualifying as executrix by virtue of the language used in the will and she was so qualified.

Should the widow die during the present state of administration what would become of the estate? Would it go to the children by inheritance or by virtue of the terms of the will as contained in the sixth paragraph? Unquestionably the courts would give force and effect to the language contained in this paragraph, which would require that his estate be equally divided between his four children, having due regard to his request that each be required to account for advancements, with the right in his son Preston to administer the estate and to distribute it among his children in accordance with his wishes. And yet such interpretation cannot be put upon this language without regarding the "requests" as express limitations upon the estate devised to the widow and as directions to her as to the manner in which she shall handle the estate.

We conclude that the gift to the wife is a gift in trust during widowhood, not for herself alone and not for the children alone, but for both, to be managed by her in her discretion—presently for her own benefit, but ultimately for the benefit of her children; and that the trust is coupled with the power to dispose of the property among the children in accordance with the terms expressed in the will in her discretion at any time she may choose. She has the power now if she so elects to close the trust by "executing" the "requests." She is not, however, vested with any general power of disposition.

*Young v. Young, supra,* is very similar to the instant case. There the testator's will devised, "To my beloved wife I give all my estate, real, personal and mixed, to be managed by her (and that she may be enabled the better to control and manage our children), to be disposed of by her to them in that manner she may think best for their good and her own happiness." Although the provisions in that will as to the manner of disposition among the children was not near so definite and was left entirely to the discretion of the devisee, it was held that the gift was one in trust for the use and benefit of the wife and the children, with power to dispose of the property among the children, discriminating at her own discretion as to the time, quantity and person. The Court said: "The trust is that it shall be managed and disposed of for the family."

The plaintiff has not remarried and it does not appear that she contemplates remarriage. It is not necessary, therefore, for us to anticipate a situation that may not arise and to undertake to determine the rights of the parties in the event of this contingency.

The judgment below should be modified to conform to this opinion.

Modified and affirmed.