J. P. ANDREW, LUCY W. ANDREW, JANIE E. HART, W. E. HART, BESSIE FORRESTER, OMA A. TURNER AND J. B. TURNER v. CLATA A. HUGHES AND ROY J. HUGHES.

(Filed 29 February, 1956.)

**Wills § 33d—**

     A devise of lands to testator's niece in fee simple, followed by statements that testator was so disposing of his lands because he wanted his sister and her children (of whom the devisee was one) to get the benefit and that he wanted the devisee to have full control of the lands to use as she might see fit for her mother, brother, sisters, herself, or any other relative, *is held* to create an estate in fee simple, the additional statements being precatory and without mandatory force.

APPEAL by plaintiffs from *Carr, J.*, Resident Judge of the Fifteenth Judicial District, at Chambers in Graham, 29 July, 1955. From CHATHAM.

Civil action to establish and enforce a trust in lands devised by the will of Charles F. Fox, deceased, heard below on demurrer to the complaint.

These are the material facts disclosed by the complaint:

1. Charles F. Fox, late of Chatham County, died on 5 March, 1934, leaving a last will and testament (executed 23 February, 1933) which has been duly proved and admitted to probate in the office of the Clerk of the Superior Court of Chatham County.

2. The testator had no children. He was survived by his widow, Flora Murchison Fox, and an only sister, Emma Fox Andrew, "his next of kin."

3. Emma Fox Andrew died 12 April, 1935, being survived by five children, parties to this proceeding, namely: the plaintiffs J. P. Andrew, Janie E. Hart, Bessie Forrester, and Oma A. Turner, and the defendant Clata A. Hughes.

4. The testator's widow, Flora Murchison Fox, died 17 February, 1941.

5. The testator's landed estate was disposed of under the provisions of Paragraph Two of the will, the material part of which is as follows:

"I will and devise to my beloved wife, Flora Murchison Fox, all of my real estate that I may own at the time of my death to have and to hold during the term of her natural life, and at her death I will and devise that Clatie Andrew, my trusted niece, shall have all of my real estate, except a portion hereinafter described and devised to my nephews, M. M. Fox and Ernest W. Fox, and I do hereby give and devise to my said niece, Clatie Andrew, after the death of my wife, the remainder of all of my real estate not hereinafter devised, to her, her heirs, and assigns in fee simple forever. I do this because I want my sister to have the benefit of said land, if she is living after the death of my wife; and if not, then her children will get the benefit, and I want my niece, Clatie Andrew, to have full control of said land and use it as she may see fit for her mother, brother, sisters, herself, or any other relative, and that is why I am devising it to Clatie Andrew in fee simple after the death of myself and my wife."

6. By the terms of Paragraph Two of the will, Flora Murchison Fox, widow, was devised a life estate in the lands in controversy; that "at the death of said Flora Murchison Fox, said lands were devised to Clata Andrew, now Clata Hughes, the defendant, as trustee for the use and benefit of her mother, the said Emma Fox Andrew, and after the death of the said Emma Fox Andrew, as trustee for the use and benefit of the said Clata A. Hughes, J. P. Andrew, Janie E. Hart, Bessie Forrester, and Omo A. Turner."

7. That since the death of testator's widow on 17 February, 1941, "the defendant Clata A. Hughes has had possession and control of the

said lands and has received the rents and profits derived therefrom";
that she has recently refused to account to her brother and sisters,
plaintiffs herein, for the rents and profits, and has refused them an
equitable division thereof; that on the contrary, she has appropriated
the rents and profits to her own use.

The plaintiffs pray judgment for the establishment of a trust in the
lands in their favor in accordance with their allegations, and for an
appropriate accounting in respect to the rents and profits.

The defendants demurred to the complaint on the ground that it
does not state facts sufficient to constitute a cause of action, for that
by the terms of the will of Charles F. Fox the lands in controversy were
devised in fee simple absolute to the defendant Clata A. Hughes, and
that the "plaintiffs have no right, title, interest or estate therein."

The demurrer was sustained, and from judgment so decreeing, the
plaintiffs appeal.

*Haworth & Haworth for plaintiffs, appellants.*
*Barber & Thompson for defendants, appellees.*

Johnson, J.   The single question presented by this appeal is whether
the devise to Clatie Andrew is a devise in fee simple, or is a devise in
trust for the benefit of the plaintiffs.

The language of the testator indicates a clear intent to create an
estate in fee simple in Clatie Andrew (Hughes).   His first dispositive
statement as to her is: "I will and devise that Clatie Andrew . . . shall
have all of my real estate, . . . and I do hereby give and devise to my
said niece Clatie Andrew . . . to her, her heirs, and assigns in fee
simple forever."   By the language that follows, which the plaintiffs
contend impressed a trust on the land in their favor, the testator was
stating the motive for his devise in fee to Clatie Andrew.   This is
manifest from his further statement, "I do this because . . ., and that
is why I am devising it to Clatie Andrew in fee simple . . ."

Here, then, the testator has made an absolute gift to Clatie Andrew.
The later words, expressive of motive and confidence and merely sug-
gestive of desire, are precatory in nature and are without mandatory
force.   The discretion of the legatee is unbridled.   She is left to act or
not to act "as she may see fit."   The ruling below, to the effect that
Clatie Andrew took title in fee simple, will be upheld under application
of the principles explained and applied in these decisions: *In re Estate
of Bulis,* 240 N.C. 529, 82 S.E. 2d 750; *St. James v. Bagley,* 138 N.C.
384, 50 S.E. 841; *Carter v. Strickland,* 165 N.C. 69, 80 S.E. 961; *Springs
v. Springs,* 182 N.C. 484, 109 S.E. 839; *Brown v. Lewis,* 197 N.C. 704,
150 S.E. 328.   See also G.S. 31-38; *Brinn v. Brinn,* 213 N.C. 282, 195

S.E. 793; *Randall v. Randall,* 135 Ill. 398, 25 N.E. 780, 25 Am. St. Rep. 373; Story, Eq. Jur. (Fourteenth Ed.), Vol. 3, Sec. 1446; Bogert, Trusts and Trustees, Sec. 48; Perry, Trusts and Trustees, Sec. 119; 54 Am. Jur., Trusts, Sections 54, 56, and 58.

The decisions relied on by the plaintiffs, including *Deans v. Gay,* 132 N.C. 227, 43 S.E. 643, are factually distinguishable.

Affirmed.