MARY T. PITTMAN AND T. P. THOMAS, JR. v. JAMES MILLER THOMAS, IN-
DIVIDUALLY AND AS EXECUTOR OF THE WILL OF CATHARINE MILLER THOMAS,
DECEASED, SARAH ANNE THOMAS (ROWLETT), DORIS ELIZABETH
THOMAS TAYLOR, MARY LUCILE PITTMAN, WALTER JAMES PITT-
MAN, JR., LUCILE WEST ABITT BOND, CATHARINE LUCILE THOMAS
GOSSAM, AND CAROLE ANN THOMAS, A MINOR

No. 817SC1131

(Filed 20 July 1982)

**1. Trusts § 12— precatory words—sufficient to create testamentary trust**

Precatory words will create a trust when it appears from the instrument
as a whole that the testatrix so intended, provided that the subject matter,
the objects of the intended trust, and the trust purpose are described with suf-
ficient certainty. Therefore, where a testatrix stated in item VII of her will
that "I request that my Executor see that (a grandchild) is given sufficient
funds to complete her education. The amount to be used cannot be determined
at this time but is a confirmed promise. The same situation in the case of
(another grandchild) is recognized by James Miller Thomas and may also be
provided for (other grandchildren)," she established a trust fund to insure that
no beneficiaries be forced to abandon an educational goal for financial reasons.

**2. Trusts § 1— testamentary trust—trust res described with sufficient certainty**

The extent of the interest of a beneficiary of a trust need not be definite
at the time of the creation of a trust if it is definitely ascertainable within the
period of the rule against perpetuities. Therefore, where a testator intended to
create a trust for the education of certain named grandchildren, the interests
of the beneficiaries were ascertainable within the period of the rule against
perpetuities and there was a satisfactory res since the testator provided a
means for making it certain by suggesting that the amount of money
necessary to accomplish the purpose of the trust was to be fixed by the ex-
ecutors in the exercise of their discretion.

Judge VAUGHN dissenting.

APPEAL by defendants Thomas from *Fountain, Judge.* Judg-
ment signed 3 August 1981 in Superior Court, WILSON County.
Heard in the Court of Appeals 8 June 1982.

Catharine Miller Thomas died on 11 July 1979, leaving a
holographic will dated 1 October 1976. Plaintiffs instituted this ac-
tion for the purpose of determining the validity of item VII of the
will or, in the alternative, for the purpose of having item VII con-
strued. Item VII reads as follows:

I request that my Executors see that Sarah Anne
Thomas is given sufficient funds to complete her education.

The amount to be used cannot be determined at this time but is a confirmed promise. The same situation in the case of Dorris Elizabeth Thomas Taylor is recognized by James Miller Thomas and may be also provided for Mary Lou Pittman, Walter James Pittman, Jr., Carole Ann Thomas, James Miller Thomas; Lucile West Abbitt Bond and Catharine Lucile Thomas.

With the exception of James Miller Thomas, an executor of the estate and her youngest son, the beneficiaries named in item VII are the testatrix's grandchildren, ranging in age from thirty-one to seventeen. Of these, only Sarah Anne Thomas (Rowlett) and Carole Ann Thomas were present at trial to testify.

Sarah Anne Thomas attended various colleges between 1970 and 1975. She did not obtain a degree. She married in May of 1979 and is now a farmer. In addition to approximately $4,000 she received from her grandmother, she borrowed $5,500 in order to pay for her college education. Between 1974 and 1976 her family incurred major medical expenses on behalf of her youngest sister, Catharine Lucile. It was partly due to the additional financial burden of her schooling and to the disruption in the family that she determined to discontinue her education. In addition, her "career goals were not concrete." Her grandmother encouraged her "to go back to school and finish up." The trial court concluded that although Sarah Anne had completed her education, she was entitled under item VII of the will to recover the legitimate costs of her education not previously paid for by the testatrix.

Carole Ann Thomas is enrolled as a freshman at the College of William and Mary. She plans to attend medical school at Duke University. Her grandmother financed her private school education. She has always been an excellent student. Carole's mother testified that in May of 1979, at the request of the testatrix, she compiled figures estimating the cost of sending Carole through undergraduate and medical school. The director of budget and finance at Duke University Medical Center testified that the cost of a four-year medical school education would approximate $90,000. The trial court concluded that Carole Ann Thomas was not entitled to the payment of any educational expenses under item VII of the will.

Although there was no evidence of the educational history or plans for the education of Doris Elizabeth Thomas (Taylor), the court held that she was entitled to any legitimate educational expenses beyond high school, whether previously paid or subsequently incurred.

Finally, the court determined that item VII of the will did not require any contribution to the educational expenses of Mary Lou Pittman, James Miller Thomas, Lucile West Abbitt Bond, Catharine Lucile Thomas, or Walter James Pittman, Jr.

Defendants James Miller Thomas, individually and as executor of the estate, and Carole Ann Thomas, through her guardian ad litem, appeal.

*Rose, Jones, Rand & Orcutt, by Z. Hardy Rose and William R. Rand, for plaintiff appellees.*

*Tharrington, Smith & Hargrove, by Wade M. Smith and Steven L. Evans, for defendant appellant James Miller Thomas.*

*George A. Weaver, Guardian ad Litem, for defendant appellant Carole Ann Thomas.*

MARTIN (Harry C.), Judge.

We begin with the basic proposition that in the construction of a will the court is required to give effect to the true intent of the testatrix so far as it can be ascertained from the whole instrument and from the conditions and circumstances attendant to its making, if such intent is consistent with the rules of law and does not contravene public policy. *Y.W.C.A. v. Morgan, Attorney General,* 281 N.C. 485, 189 S.E. 2d 169 (1972); *Kale v. Forrest,* 278 N.C. 1, 178 S.E. 2d 622 (1971). However, the intent of a testatrix to make a testamentary disposition of her property must be expressed in such terms that a court can determine her intention or wish without resort to conjecture. "Both the thing given and the person to whom it is given must, in testamentary dispositions of property, be set forth with such certainty that the court can give effect to such gift when the estate is to be distributed." 1 Bowe-Parker, Page on Wills § 5.11 (rev. 3d ed. 1960); *Trust Co. v. Wolfe,* 243 N.C. 469, 91 S.E. 2d 246 (1956).

We agree with Judge Fountain's conclusion that item VII of the subject will is not void. Item VII, taken together with the

language of the entire will and the conditions and circumstances existing at the time the will was made, manifests an intent on the part of the testatrix to create a testamentary trust.

[1] Ordinarily, mere precatory words will not create an express trust. *Andrew v. Hughes*, 243 N.C. 616, 91 S.E. 2d 591 (1956). Nevertheless, precatory words will create a trust when it appears from the instrument as a whole that the testatrix so intended, provided that the subject matter, the objects of the intended trust, and the trust purpose are described with sufficient certainty. *Brinn v. Brinn*, 213 N.C. 282, 195 S.E. 793 (1938). Where precatory language is addressed to an executor, the courts are inclined to create a trust. G. Bogert, The Law of Trusts § 19, at 43 (5th ed. 1973).

It is apparent from the will as a whole that Mrs. Thomas was keenly interested in seeing that all of her children and grandchildren were given every opportunity to pursue their educational goals. To this end she provided, in her will, a specific gift of $10,000 for each grandchild who had not been so provided for under her husband's will. It further appears that the financial difficulties which threatened the immediate educational goals of two of her grandchildren, Sarah Anne and Doris Elizabeth, prompted her to establish the additional benefits of item VII. Nowhere do we find, however, that it was Mrs. Thomas's intention to pay for all the educational expenses of all her grandchildren. It appears, rather, that she expressed a willingness, while alive and through item VII of her will, to provide financial assistance *if and when* needed. We do not construe the word "complete" in item VII as an open-ended offer to entirely subsidize the education of any beneficiary. We hold that by item VII Mrs. Thomas established a trust fund to insure that no beneficiary be forced to abandon an educational goal for financial reasons. *Brinn, supra.* In light of this holding, the trial court erred in ordering that Sarah Anne be reimbursed for educational expenses incurred during the testatrix's lifetime. Sarah Anne received inter vivos gifts to the extent that the testatrix deemed necessary at the time.

We further hold that all those named under item VII are entitled to the status of beneficiary. The fact that Catharine Lucile Thomas, Walter James Pittman, Jr., and Carole Ann Thomas are each entitled to the benefit of an additional $10,000 to defray educational expenses does not preclude their inclusion under item

VII. Mrs. Thomas made it clear in item VI of her will that these legacies were intended to parallel those given under the will of her husband to the grandchildren then living at her husband's death.

[2]    The more difficult question to settle is whether the trust res is described with sufficient certainty. As the will clearly establishes that money is the subject matter of the trust, it is only the amount that is left uncertain. The amount of property to which the trust is attached must be established with reasonable certainty or be capable of being definitely ascertainable. Restatement (Second) of Trusts § 76 (1959). It is ordinarily sufficient if the general scheme of the trust is reasonably evident. 76 Am. Jur. 2d Trusts § 39 (1975). The extent of the interest of a beneficiary of a trust need not be definite at the time of the creation of a trust if it is definitely ascertainable within the period of the rule against perpetuities. Restatement of Trusts, *supra*, § 129. The interests of the beneficiaries under item VII are definitely ascertainable according to this principle.

> If the settlor's description of the trust property is satisfactory, except that he does not state what is to be the extent or size of the interest to be held in trust, any difficulty can usually be obviated by applying the rule that, in the absence of express evidence otherwise, the trustor is deemed to have intended to give the trustee such an interest as is needed for the achievement of the objects of the trust.

G. Bogert, The Law of Trusts and Trustees § 111 (2d ed. 1965). The language of item VII suggests that the amount of money necessary to accomplish the purpose of the trust is to be fixed by the executors in the exercise of their discretion. As such, "there is a satisfactory res because, although not defined by the settlor at the time of trust creation, he has provided a means for making it certain." *Id.*

The judgment of the trial court is vacated and the cause remanded to the Superior Court of Wilson County for further proceedings not inconsistent with this opinion.

Vacated and remanded.

Judge HILL concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

I vote to affirm the judgment of Judge Fountain.